## BOYSELL CO. v. HALE.
### No. 33.

District Court, E. D. Tennessee, S. D.
Nov. 9, 1939.

Carmack Waterhouse, of Chattanooga, Tenn., for plaintiff.

McClure & McClure, of Chattanooga, Tenn., for defendant.

DARR, District Judge.

This is a patent infringement suit. The plaintiff has filed a number of interrogatories under Rule 33 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The plaintiff · claims that this will materially reduce the number of issues triable in the case. The defendant has filed a number of objections to answering any of the interrogatories.

■ I. The defendant's · first objection is that all the interrogatories constitute a "fishing expedition.". A general objection of this kind is not good and this ground of the motion is overruled. Laverett v. Con-tinential Briar Pipe Co., Inc., D. C., 25 F. Supp. 80.

■ II. The defendant's second objection is to all the interrogatories and is upon the ground that they do not seek information in respect to any particular machine or machines.

This character of objection is not to be encouraged as it is too general. It would require the Court to particularly go over each question propounded.

However, I will undertake to pass upon the objection. On the record, including the letters of patents filed, it would seem clear that these questions pertain to the character of machines in controversy. There are certain of the questions which go into comparisons or explanations, which I think need not be answered. Having this view, the Court directs that all the questions be answered except questions 4, 7, 10, 13, 16, 19, 20, and ·(t) under question 24. Paraffine Cos. v. Wieland, D. C., 17 F.2d 992.

■ III. The defendant objects to interrogatory 20 upon the grounds that it requires the furnishing of a model or specimen. This question calls for the furnishing of a model or specimen, conditioned that the defendant has answered questions to the effect that its machines does not infringe plaintiff's patents. I think this calls for a comparison. For reasons stated in passing on the second objection, I think interrogatory 20 need not be answered.

■ IV. The defendant objects to answering the interrogatories on the grounds that the plaintiff seeks to recover a penalty from the defendant. This objection is not well founded and the interrogatories will be answered in so far as this objection is concerned. Beacon Folding Machine Co. v. Rotary Machine Co., D. C., 17 F.2d 934.

■■ V. The defendant's last objection to answering interrogatories is based upon the ground that there has been a violation of law by reason of the plaintiff and others entering into an unlawful combine. This is in· the nature of a "speaking motion." There is nothing admitted in the record to justify the statement that there has been a violation of the anti-trust law on the part of the plaintiff. This objection is overruled.

An order will be prepared in accord with this opinion.