BOWLES, Price Administrator, v. SAFE-
WAY STORES, Inc., et al.
Civil Action No. 3318.

District Court, W. D. Missouri, W. D.
Sept. 12, 1945.

470

Dick F. Bennett, Gibson Langsdale, and Ralph E. Griffith, all of Kansas City, Mo., for plaintiff.

Watson, Ess, Groner, Barnett & Whittaker, of Kansas City, Mo., for defendants.

RIDGE, District Judge.

Plaintiff interposes seven (7) objections to the nineteen (19) interrogatories propounded by defendants under Rule 33 of Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723(c). The objections so made by plaintiff are general to all the interrogatories propounded. In substance plaintiff's objections are: That many of the questions propounded seek to have plaintiff make research and compile data which defendants may equally make for themselves; that an answer to all of the interrogatories is contained in defendants' own books and records; that plaintiff obtained the information, upon which this suit is premised, from defendants' books and records; that defendants seek to require plaintiff to furnish his investigator's report and that "every item of evidence he expects to prove at the trial of the case"; that defendants seek to obtain the same information that was denied them by this Court on July 23, 1945, in overruling defendants' motion for a more definite statement or for a bill of particulars.

Plaintiff does not, neither in his objections nor in his memorandum filed in support thereof, state the nature of the research he would be required to make, nor point out how he would be compelled to compile data to answer defendants' interrogatories. The Court cannot ascertain such details from the interrogatories themselves, nor from the general objections thereto. Objections to interrogatories should be sufficiently specific to the end that the Court may, in considering such objections with the interrogatory propounded, ascertain therefrom their claimed objectionable character; that is, whether the interrogatory calls for matter that is relevant to the subject matter involved in the pending action, is privileged, or oppressive or vexatious. General objections to interrogatories are not proper. Boysell Co. v. Hale, D.C., 30 F.Supp. 255. Cyclopedia of Federal Procedure, 2nd Ed., Vol. 6, Sections 2762 and 2986. The reason therefor is that the Court is not required to sift each interrogatory to determine the usefulness of the answer sought. The burden is upon the objector to show that the answer is privileged, not relevant or in some other way, is not the proper subject of an interrogatory. Blanc v. Smith, D.C., 3 F.R.D. 182.

In determining whether answers should be ordered to interrogatories, the Court is not called upon to adjudicate the admissibility in evidence of the answers, but only to determine the relevancy of the information sought to the subject matter involved in the pending action. The scope of permissible examination by interrogatories propounded under Rule 33 F.R.C.P. is coextensive with that sanctioned by Rule 26(b). Moore's Federal Practice, Vol. 2, Chapter 33, Pages 2616, 2617.

It is no objection to interrogatories propounded under Rule 33, supra,

that the information sought is within the knowledge of the interrogating party. Kingsway Press, Inc. v. Farrell Pub. Corporation, D.C., 30 F.Supp. 775; Coca-Cola Co. v. Dixi-Cola Laboratories, D.C., 30 F. Supp. 275. The purpose of interrogatories, under Rule 33, is to obtain admissions from the adversary, thereby limiting matters in dispute to avoid unnecessary attendance of witnesses and waste of time of the parties and the Court. The intent of said rule is that both parties have the same information, why compel formal proof to be made of things within their joint knowledge?

■ The order, overruling defendants' motion to make more definite and certain, or for a bill of particulars, previously entered herein, reveals that the premise of said ruling was that the factual matters sought by said motion were evidentiary and should be obtained under the discovery provisions of the Rules of Civil Procedure. Plaintiff's objection Number "F" is that the information now sought by defendants is the same information that was denied defendants in the ruling made on the above motion. It is no objection to interrogatories propounded under Rule 33, supra, that the same information was sought in a motion to make more definite and certain, or for a bill of particulars, and denied. Interrogatories are evidentiary in character. They are not considered as a pleading in the case. Until they are offered in evidence by either party they will not be considered by the Court. 27 C.J.S., Discovery, §§ 55–68, p. 86, etc. Pleadings deal with ultimate facts. The distinction in ruling the motion to make more definite and certain, or for a bill of particulars, and objections to interrogatories is obvious. A ruling on the former is not res adjudicata of the latter.

■ Though an order will be entered overruling plaintiff's objection to interrogatories of defendants, it is not amiss to observe that certain portions of the interrogatories propounded by defendants are of questionable relevancy to the issues herein involved. The charge made against defendants, in Paragraph No. 6 of the Petition, is for buying and selling ungraded meat in violation of Section 4(a) of the Emergency Price Control Act, 50 U.S.C.A. Appendix §§ 901–946. Interrogatory Three (3), among other things, seeks information as to how each item of meat, bought and sold by defendants, was graded, and the grade stamped thereon. The issue is "ungraded" meat, not "mis-graded." Interrogatory Four (4) seeks information as to the weight of carcasses and cuts of meat. Section 6(a) (1), M.P.R. 355 (May 24, 1944), requires all meat, regardless of weight of a carcass or cut, to be graded. Information concerning the maximum price allowed for each carcass, as requested in Interrogatory Five (5), and the actual price paid for a carcass, as asked in Interrogatory Six (6), do not appear relevant to the issue of buying and selling ungraded meat. Similar criticisms may be made of Interrogatories Nine (9), Ten (10), Eleven (11) and Twelve (12). The relevancy of Interrogatory Sixteen (16) is not apparent to the charge contained in Paragraph Seven (7) of the complaint alleging that Defendants purchased dressed hogs in excess of dollar-and-cent selling prices.

For the reasons above stated, plaintiff's objections to the interrogatories of defendants are overruled.