**HOFFMAN v. WILSON LINE, Inc.**

Civ. No. 5332.

District Court, E. D. Pennsylvania.

Jan. 17, 1946.

Stark & Goldstein and Paul M. Goldstein, both of Philadelphia, Pa., for plaintiff.

Otto Wolff, Jr., of Philadelphia, Pa., for defendant.

WELSH, District Judge.

This is an action brought by a matron of the Wilson steamer S.S. "State of Pennsylvania" on account of personal injuries and maintenance and cure. She sustained the injuries of which she complains while she was proceeding from the ladies' room to her stateroom. A line, lying on the deck, was suddenly pulled up from under her feet causing her to fall on the deck.

The plaintiff has propounded a series of 52 interrogatories to be answered by the defendant, pursuant to Federal Rules of Civil Procedure, rule 33, 28 U.S.C.A. following section 723c. The defendant filed objections to these interrogatories and advanced in support of them five objections.

 The first objection is a general one, that they are unreasonably burdensome, oppressive and vexatious to the defendant. We think that this objection can be answered by quoting from Bowles v. Safeway Stores, D.C., 4 F.R.D. 469, 470: "Objections to interrogatories should be sufficiently specific to the end that the Court may, in considering such objections with the interrogatory propounded, ascertain therefrom their claimed objectionable character; that is, whether the interrogatory calls for matter that is relevant to the subject matter involved in the pending action, is privileged, or oppressive or vexatious. General objections to interrogatories are not proper. Boysell Co. v. Hale, D.C., 30 F.Supp. 255. * * * The reason therefor is that the Court is not required to sift each interrogatory to determine the usefulness of the answer sought." Since the defendant has not lodged specific objections to interrogatories Nos. 27, 31, 32, 33, 34, 35, 36, 37, 38, 51 and 52 they must be answered.

 The defendant's second and third objections are that the 52 interrogatories are so numerous that it is difficult, if not impossible, for the Court to administer them and that plaintiff should have resorted to depositions. We are of the opinion that in determining the number of interrogatories to be allowed the difficulty of administration which might confront the Court should not be the primary consideration. The criterion is whether the number of interrogatories propounded is reasonable under the facts and circumstances of the particular case. Canuso v. City of Niagara Falls, D.C., 4 F.R.D. 362. In view of the denial by the defendant of most of the important allegations of the complaint—it is not necessary to enumerate the many issues raised by the pleadings—the interrogatories, with several exceptions as shall appear later, are warranted. An additional reason for not sustaining defendant's argument in this respect is the fact that the plaintiff here is potentially a seaman and the policy of the government is to accord to a seaman more favorable treatment than is granted to other persons. Defendant's third objection can be disposed of by merely stating, the fact that plaintiff had a choice between interrogatories and depositions does not bar the use of interrogatories. Fleming v. Southern Kraft Corporation, D.C., 37 F.Supp. 232. A further consideration in the instant case is that the plaintiff is practically destitute. The costs involved in taking oral depositions are so huge that to force her to resort to oral depositions as a means of discovery would be to oppress her and in fact to deprive her of her right to discovery.

 The defendant's fourth objection is more specifically to the plaintiff's interrogatories Nos. 1, 2, 3, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 26, 28, 29, 30, 39, 40, 41, 42, 43, 46, 47, 48, 49 and 50 on the ground that they relate to matters which are wholly and peculiarly within the plaintiff's own knowledge. It is no objection to interrogatories propounded under rule 33, supra, that the information sought is within the knowledge of the interrogating party. Kingsway Press Inc. v. Farrell Pub. Corp., D.C., 30 F.Supp. 775; Bowles v. Safeway, supra. The purpose of interrogatories under rule 33 is to obtain admissions from the adversary, thereby limit-

ing matters in dispute to avoid unnecessary attendance of witnesses and waste of time of the parties and the Court. Bowles v. Safeway Stores, supra. However, we feel that under certain circumstances objection on the ground that the interrogator has knowledge of the information sought is sufficient to sustain the objections to interrogatories. Accordingly, the defendant need not answer interrogatories Nos. 1, 2, 6, 39, 40, 41, 42 and 43.

The defendant's fifth objection is more specifically to interrogatories Nos. 4, 7, 21, 22, 23, 24, 25, 44 and 45 on the ground that they relate to matters which are irrelevant, immaterial and having no bearing whatever upon any issue raised by the pleadings. The law on this point is as stated by Judge Ridge in Bowles v. Safeway Stores: "In determining whether answers should be ordered to interrogatories, the Court is not called upon to adjudicate the admissibility in evidence of the answers, but only to determine the relevancy of the information sought to the subject matter involved in the pending action." Therefore, we hold that the information sought in interrogatories Nos. 4, 7, 21, 22, 23, 24 and 44 is relevant to the subject matter in the pending action and that said interrogatories must be asnwered. Interrogatories Nos. 25 and 45 are not relevant and need not be answered.

Accordingly, an order may be entered, and the defendant will answer the interrogatories except as relieved therefrom in the above opinion.