**BROWN et al. v. DUNBAR & SULLIVAN DREDGING CO.**

Civ. A. No. 2732.

District Court, W. D. New York.

March 2, 1948.

108

See, also, 8 F.R.D. 105.

Desmond & Drury, of Buffalo, N. Y., for plaintiffs.

Hellings, Ulsh, Morey & Stewart of Buffalo, N. Y., and Foster, Lott & Lutz, of Detroit, Mich. (Edward J. Burke, of Buffalo, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

This is an action brought by the original plaintiff and 70 other employees of defendant to recover overtime wages alleged to be due under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. Defendant answered the amended complaint, which the court permitted plaintiffs to serve, and propounded six interrogatories. Plaintiffs objected to each of them on the ground that the information sought by the first two is entirely within defendant's knowledge, that sought by No. 3 is fully known to defendant, that sought by the last three is in no way material to the cause of action.

█ Interrogatory No. 1 reads: "Give separately for each plaintiff named in the Amended Complaint for each week covered in said Complaint down to the date of the filing (thereof): (a) The precise work or duty performed by such individual Plaintiff. (b) The total number of hours worked for Defendant by said individual Plaintiff. (c) His regular hourly rate. (d) The amount of compensation paid to him. (e) The geographical location on which he performed work."

Defendant's treasurer has submitted an uncontradicted affidavit alleging that the names of 15 of the plaintiffs in the amended complaint do not appear in its employment records during the times mentioned in said complaint.

The amended complaint alleges that from October 24, 1938, through October 23, 1939, defendant employed plaintiffs in interstate commerce for work weeks longer than 44 hours; that from October 24, 1939, through October 23, 1940, it employed them in interstate commerce for work weeks longer than 42 hours; that from October 24, 1940, and repeatedly thereafter until the filing of the complaint, it employed them in interstate commerce for work weeks longer than 40 hours; that defendant has refused to compensate them for overtime.

Defendant propounds the interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Discussing this rule, Moore, in his treatise on Federal Practice, states: "It is immaterial whether the matters are as much within the knowledge of the interrogating party as of the adverse party." Vol. 2, p. 2617. The following cases support this statement. Nichols v. Sanborn Co., D.C.D. Mass., 24 F.Supp. 908, 910; Kingsway Press, Inc., v. Farrell Pub. Corporation, D.C.S.D.N.Y., 30 F.Supp. 775; American S. S. Co. v. Buckeye S. S. Co, DC., 1 F.R. D. 773. Further authorities are cited on page 775. See further Roth v. Paramount Film Distributing Corporation, D.C.W.D. Pa., 4 F.R.D. 302, 304; Bowles v. Safeway Stores, D.C.W.D.Mo., 4 F.R.D. 469, 470, 471.

In Fleming v. Bernardi, D.C.N.D.Ohio, 1 F.R.D. 624, 625, it is said: "The defendant bases his interrogatory upon Rule 33 of the Rules of Civil Procedure. * * * This rule has been very liberally interpreted. It is generally considered that the purpose of the rule is to afford parties full information regarding facts involved in the issues in suit. About the only limitation or requirement is that the information sought be relevant."

The U. S. Supreme Court has said in Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 392: "No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case. Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession."

█ Plaintiffs further object to Interrogatory No. 1 on the ground that to answer it "would be unduly burdensome" to them. They have given no proof of this statement. "Clearly an interrogated party

must furnish relevant information in his possession which can be obtained without great labor or expense." Cinema Amusements v. Loew's, Inc., D.C.D.Del., 7 F.R.D. 318, 321. In Lemme v. La Rosa & Sons, D.C.E.D.N.Y., 7 F.R.D. 485, 486, where 78 plaintiffs sued to recover overtime wages under Fair Labor Standards Act of 1938, the court ordered a bill of particulars giving "a list of the names of the plaintiffs whose claims will be the subject of the trial, together with a concise statement of the claim of each, showing the amount of compensation claimed, the number of hours for which it is claimed and on what dates the activity or activities were engaged in by each employee for the period over which additional compensation is claimed, and the basis upon which the amount stated in the claim is computed."

██ Interrogatory No. 1 should be allowed and, for the same reasons, the next two which read as follows:

"Interrogatory No. 2: Give separately a complete statement of the duties performed by each Plaintiff and in case more than one duty was performed, the amount of time spent in performing each such duty.

"Interrogatory No. 3: State whether or not plaintiff was working under the provision of a contract negotiated between Defendant and the union representing him."

█ Plaintiffs object to the next three interrogatories "on the ground that the facts sought are in no way material to the cause of action." These interrogatories read:

"Interrogatory No. 4: State whether or not individual Plaintiff ever authorized any other individual to institute on his behalf or signed a consent to become a party to the present litigation other than the retainer agreement with Attorneys Desmond & Drury to institute suit against * * *. Defendant herein, Fitz Simmons & Connell Dredge & Dock Company, Wells Company and Merritt, Chapman & Scott Corporation,

the original or a copy of which was filed in said cause.

█ "Interrogatory No. 5: State whether or not Plaintiff was ever requested to give his consent to become a party Plaintiff to the present suit.

"Interrogatory No. 6: If the answer to the foregoing interrogatory is in the affirmative

"(a) State whether or not the said request was made in writing and if so attach a copy of said written request.

"(b) If the same was made orally, state the date on which said request was made and by whom made."

The amended complaint alleges: "I. This action is brought by the plaintiffs to recover from the defendant unpaid overtime compensation in such amount as may be found due by the court upon the trial of this action and an additional equal amount of liquidated damages."

Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b), provides: "Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated * * *."

The additional plaintiffs joined in the amended complaint have all filed their signed retainers authorizing the firm of Desmond & Drury to prosecute their claims against the instant defendant, Fitz Simmons & Connell Dredge & Dock Company, Wells Company and Merritt, Chapman & Scott Corporation to recover unpaid overtime wages.

Defendant's attorneys in their brief do not insist that answers to the last three interrogatories are essential and material. Plaintiffs' objection to these interrogatories numbered 4, 5, and 6 is sustained and these interrogatories are disallowed.

The interrogatories numbered 1, 2, and 3 are hereby allowed.