**BROWN et al. v. DUNBAR & SULLIVAN DREDGING CO.**

Civ. A. No. 2732.

District Court, W. D. New York.

March 19, 1948.

Desmond & Drury, of Buffalo, N. Y., for plaintiffs.

Hellings, Ulsh, Morey & Stewart, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

By an order of this court granted March 8, 1948, plaintiffs' objection to the following interrogatory propounded to them by defendant was disallowed: Interrogatory No. 1—"Give separately for each plaintiff

named in the Amended Complaint for each week covered in said Complaint down to the date of the filing (thereof): (a) The precise work or duty performed by such individual Plaintiff. (b) The total number of hours worked for Defendant by said individual Plaintiff. (c) His regular hourly rate. (d) The amount of compensation paid to him. (e) The geographical position on which he performed work."

The reasons for sustaining this interrogatory propounded to plaintiffs by defendant are fully stated in this court's opinion, 8 F.R.D. 107.

On February 26, 1948, plaintiffs' attorneys served upon the attorneys for defendant two interrogatories, the first of which reads as follows: "Interrogatory No. 1: Give separately for each plaintiff named in the Amended Complaint herein: (a) The number of hours each plaintiff worked during each week he was employed by the defendant since January 28, 1940, listing each week by the date of the day ending that week. (b) The total amount of wages he was paid for each of those weeks so listed. (c) The hourly rate at which he was paid for each hour worked during those weeks so listed. (d) The exact location where each hour of labor was performed by each plaintiff."

■ While differing in wording, the two interrogatories above quoted are substantially the same. Defendant's interrogatories were served upon plaintiffs' attorneys January 26, 1948. Plaintiffs' interrogatory No. 1 tosses the ball back to defendant. It should be disallowed. If plaintiffs are unable to answer defendant's interrogatory No. 1 allowed by this court, they should not be permitted to obtain the information which they seek by a cross-interrogatory embracing substantially the same subject matter. They should resort to discovery under Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Defendant objects to allowing this interrogatory "on the grounds that the information sought has already been obtained by the plaintiffs through an examination of defendant's books and records by plaintiffs' attorney and auditor."

This statement is supported by an affidavit of Sparkman D. Foster, one of defendant's attorneys, who alleges that, on March 14, 1947, "the said Edward J. Desmond (one of plaintiffs' attorneys) called at the deponent's office with an accountant from Buffalo, N. Y., and later in the day we proceeded to the office of the Dunbar & Sullivan Dredging Company where there was exhibited to said accountant for his examination all records requested by him; that subsequently and wholly without prejudice certain data were furnished to the said Edward J. Desmond with respect to four other persons whom it was claimed were formerly employed by the said defendant."

The truth of this affidavit has not been controverted.

■ Plaintiffs' second interrogatory to which defendant objects reads as follows: "Interrogatory No. 2: Give separately for each plaintiff a complete description of each piece of construction or work on which each plaintiff was employed by the defendant. These descriptions to be full and complete and to include in particular the following information: (a) The person, corporation or government agency with whom the defendant contracted to do the work. (b) If a government agency inspected the work, which government agency did the inspecting. (c) The person, corporation or agency which paid the defendant for its services. (d) Were any of the funds paid to the defendant for its services received directly or indirectly from the United States Government or one of its agencies? If so, what agency and how much did it pay? (e) The purpose for which the work was performed. (f) The exact place where each piece of work was performed. (g) The complete and exact wording of each contract made by the defendant for the performance of the work. (h) The date of the beginning of the performance of each contract and the date of the completion of each contract."

■ Defendant objects to this interrogatory "on the ground that the facts sought are in no way material to the cause of action herein." This objection must be sustained. The Fair Labor Standards Act of

1938, 29 U.S.C.A. § 201 et seq., applies only to an employee "who is engaged in commerce or in the production of goods for commerce." Each plaintiff must prove that he was so employed.

Defendant's interrogatory No. 2 to plaintiffs, which was allowed by this court, reads as follows: "Give separately a complete statement of the duties performed by each Plaintiff and in case more than one duty was performed, the amount of time spent in each duty."

Defendant's objections to plaintiffs' two interrogatories must therefore be sustained and these interrogatories disallowed.