**WOODS, Housing Expediter v. KORNFELD.**
**Civ. A. No. 3310.**

United States District Court
M. D. Pennsylvania.
June 22, 1949.

Cyril F. Pessolano, Chief Rent Litigation Section, Sydney J. Fires, Litigation Attorney, Upper Darby, Pa., Horace R. Cardoni, Scranton, Pennsylvania, for plaintiff.

Raymond Bialkowski, of Bialkowski, Bialkowski, & Bialkowski, Scranton, Pennsylvania, for defendant.

WATSON, Chief Judge.

This is an action by the Housing Expediter alleging violations by the Defendant, Louis Kornfeld, of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 901 et seq., and the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1881 et seq.

The Plaintiff has propounded thirteen interrogatories to be answered by the Defendant, pursuant to Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The Defendant filed objections to these interrogatories and advanced four reasons in support of his objections. Counsel have submitted briefs, and the matter is now before the Court for disposition.

The first and fourth reasons for Defendant's objections to Plaintiff's interrogatories are that they demand evidentiary matters so as to shift the labor of preparing Plaintiff's case onto the Defendant, and that certain of them are irrelevant to the subject matter of the proceedings.

Rule 33, in providing for the scope of permissible examination by interrogatories, states that they may relate to any matters which may be inquired into under Rule 26(b), which refers to the taking of depositions. Rule 26(b) provides, that "the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." Judge Ridge in Bowles v. Safeway Stores, Inc., et al., D.C.W.D., Mo.1945, 4 F.R.D. 469, 470, stated, inter alia, "In determining whether answers should be ordered to interrogatories, the Court is not called upon to adjudicate the admissibility in evidence of the answers, but only to determine the relevancy of the information sought to the subject matter involved in the pending action." The interrogatories propounded by the Plaintiff in the present case seek information relevant to the subject matter involved in the pending action.

The second and third reasons for Defendant's objections to Plaintiff's interrogatories are that they are onerous and burdensome, they seek information which is as easily available to the Plaintiff as to the Defendant, and they require Defendant to make search and compile data not readily known to him.

These are general objections, whereas objections to interrogatories should be sufficiently specific so that the Court may, in considering such objections with the interrogatories propounded, ascertain therefrom their claimed objectionable character. General objections to interrogatories are not proper, and should not be offered. Boysell Co. v. Hale, D.C.E.D.Tenn., 1939, 30 F.Supp. 255; Bowles v. Safeway Stores, Inc., et al., supra.

An objection to interrogatories that the information sought is within the knowledge of the interrogating party is improper and without merit. Kingsway Press, Inc. v. Farrell Pub. Corporation, D.C.S.D.Pa., 1939, 30 F.Supp. 775; Hoffman v. Wilson Line, Inc., D.C.E.D.Pa.,

198

1946, 7 F.R.D. 73. The reason for this is that the purpose of interrogatories under Rule 33 is to obtain admissions from the adversary, thereby limiting matters in dispute to avoid unnecessary attendance of witnesses and waste of time of the parties and the Court. Bowles v. Safeway Stores, Inc. et al., supra; Hoffman v. Wilson Line, Inc.

An order will be entered directing the Defendant to answer the interrogatories propounded by the Plaintiff.

██ At the same time the Defendant filed its objections to the interrogatories propounded by the Plaintiff, the Defendant propounded interrogatories to be answered by the Plaintiff. These interrogatories propounded by the Defendant sought information similar to that sought in the interrogatories propounded previously by the Plaintiff. The Plaintiff filed objections to these interrogatories, for the reason that the information sought thereby was the same as the information sought by the interrogatories propounded by the Plaintiff. Counsel have submitted briefs, and this matter is also before the Court for disposition.

In Brown, et al. v. Dunbar & Sullivan Dredging Co., D.C.W.D.N.Y.1948, 8 F.R.D. 105, 106, Judge Knight, referring to interrogatories which proponent repetitious questions, stated, inter alia: "While differing in wording, the two interrogatories above quoted are substantially the same. * * * Plaintiff's interrogatory No. 1 tosses the ball back to defendant. It should be disallowed." I entirely agree with the reasoning of Judge Knight and arrive at the same conclusion.

Plaintiff's objection to the interrogatories propounded by the Defendant will be sustained, and Plaintiff will not be required to answer the interrogatories by the Defendant.

It is ordered that the Defendant answer the interrogatories served on him by the Plaintiff within fifteen days from the date of this order. It is further ordered that the Plaintiff is not required to answer the interrogatories served on him by the Defendant.