WOLF v. UNITED AIR LINES, Inc.
Civ. A. No. 3380.

United States District Court
M. D. Pennsylvania.
July 15, 1949.

Walter L. Hill, Jr. (of O'Malley, Harris, Harris, & Warren), Scranton, Pa., for plaintiff.

Henry Nogi (of Nogi, O'Malley, & Harris), Scranton, Pa., Joseph S. Clark, Jr. (of Barnes, Dechert, Price, Myers & Clark), Philadelphia, Pa., for defendant.

WATSON, Chief Judge.

This is an action by Sam Wolf, Executor of the Estate of Beatrice Heischuber, also known as Beryl Wallace, Deceased, against United Air Lines, Inc., under the Pennsylvania Survival Statute, 1937, P.L. 2755, 20 P.S. § 772, alleging that plaintiff's decedent, while a passenger in an airplane owned and operated by the defendant, was killed in a crash of said airplane, and claiming damages in the sum of $1,000,-000.00.

On May 19, 1949, defendant propounded eight interrogatories under the provisions of Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to be answered by the plaintiff. On May 27, 1949, the plaintiff filed objections to interrogatories numbered 3, 5, 6, 7, and 8.

The information sought by the interrogatories which are objected to may be summarized as follows: Interrogatory No. 3 asks for plaintiff's decedent's gross and net incomes, federal and state tax returns, sums spent for entertainment, travel, household and gifts other than to organized charities, savings, and personal balance sheets showing asset and liabilities at the beginning and end of the period for the years beginning in 1944 and ending in 1948, when plaintiff's decedent died; Interrogatory No. 5 asks for the amount of plaintiff's decedent's gross income derived from her principal occupation, from each enterprise representing return on invested capital, from each enterprise representing remuneration for services actually performed, from each enterprise representing bonus, and from sources other than principal income for the years beginning in 1944 and ending in 1946, when plaintiff's decedent died; Interrogatory No. 6 asks in (a) whether plaintiff's decedent contributed to or provided the sole support for any one and, if so, who and how much, in (b) whether plaintiff's decedent was the recipient of gifts of $1,000.00 or more and, if so, the name of the donor and the amount, and in (c) whether plaintiff's decedent was dependent for her support and, if so, the source and amount in each case for the years beginning in 1934 and ending in 1948, when plaintiff's decedent died; Interrogatory No. 7 asks in (a) whether plaintiff's decedent was ever adjudged a bankrupt or was the subject of bankruptcy proceedings and, if so, whether they were voluntary or involuntary, and the name of the Court, the number of the case and the date, in (b) whether plaintiff's decedent was ever involved in a composition with creditors and, if so, the name of the Court and the date, and in (c) whether plaintiff's decedent's estate is solvent and, if not, for the names of the creditors and the amounts; Interrogatory No. 8 asks whether plaintiff's decedent was the settlor of any trust or trusts inter vivos and, if so, the dates, amount of corpus, beneficiaries and interest of the beneficiaries.

Plaintiff objects to each of the above mentioned interrogatories on the ground that the answers will require investigation, compilation, research and calculations, the result of which would not be a fact but a conclusion, and would impose on the plaintiff undue expenditure of time and money. Plaintiff further objects to being called upon to investigate and assemble information, and then under oath to state conclusions based on such information where it is obvious that the information

obtained might not be complete or accurate.

 It has been held that interrogatories requiring the expression of opinion or calling for conclusions are objectionable. Porter v. Montaldo's, D.C. S.D. Ohio, 1946, 71 F.Supp. 372, and cases cited therein. It is the opinion of this Court that Interrogatory 7(ci), (cii), which seeks information as to the solvency of plaintiff's decedent's estate, requires as an answer the expression of an opinion or conclusion, and, therefore, plaintiff will not be required to answer Interrogatory 7(ci), (cii).

 The remaining part of this objection is a general one, whereas, objections to interrogatories should be sufficiently specific so that the Court may, in considering such objections with the interrogatories propounded, ascertain therefrom their claimed objectionable character. General objections to interrogatories are improper and without merit. Woods v. Kornfeld, D.C.M.D.Pa., 9 F.R.D. 196.

 Plaintiff further objects to interrogatories 6(b), 7(a), (b), (ci), (cii), and 8 on the ground that they are irrelevant to the issues of the case. In Woods v. Kornfeld, supra, this Court quoted Bowles v. Safeway Stores, Inc., et al., D.C., W.D. Missouri, (1945), 4 F.R.D. 469, as follows: "In determining whether answers should be ordered to interrogatories, the Court is not called upon to adjudicate the admissibility in evidence of the answers, but only to determine the relevancy of the information sought to the subject matter involved in the pending action." Interrogatories 6(b), 7(a), (b), (ci), (cii), and 8, which seek information as to gifts received by plaintiff's decedent, whether plaintiff's decedent was ever adjudged a bankrupt or was the subject of bankruptcy proceedings, whether plaintiff's decedent's estate is solvent, whether plaintiff's decedent was involved in compositions with creditors, and whether plaintiff's decedent was the settlor of any trust or trusts inter vivos, are not relevant to the subject matter involved in the pending action. The objections of

plaintiff to Interrogatories 6(b), 7(a), (b), (ci), (cii), and 8 are sustained, and plaintiff will not be required to answer these interrogatories.

Plaintiff's objections to Interrogatories 3(a), (b), (c), (di), (dii), (diii), (div), (e), 5(a), (ai), (aii), (aiii), (b), and 6(a), (c) are overruled, and plaintiff will be required to answer these interrogatories as well as the interrogatories not objected to.