**SHANK v. ASSOCIATED TRANSPORT,**
Inc., et al.
**Civ. No. 3592.**

United States District Court
M. D. Pennsylvania.
June 30, 1950.

**FOLLMER, District Judge.**

Plaintiff, under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A., directed interrogatories to the Associated Transport, Inc., one of the defendants, to which the Associated Transport, Inc., filed objections.

Objections to interrogatories 1(a) and 1 (b) have been withdrawn.

Interrogatories 1(c) and 1(d) have reference to an allegation in the answer that plaintiff was operating his motorcycle while under the influence of intoxicating liquor. Plaintiff is entitled to an answer to that portion thereof requesting names and addresses of persons from whom such information was obtained. Plaintiff is not entitled to copies of written statements or summaries of oral statements[1] and the objections to that portion of 1(c) and 1(d) are sustained.

Interrogatories 2(a) and 3(a) requesting names and addresses are not objectionable.

Interrogatories 2(b), 2(c), 3(b), and 3 (c) request copies and summaries of statements and the objections thereto are sustained.

Interrogatory 4 as to whether defendant Baker made a statement to defendant Associated Transport, Inc., should be answered. The wording of interrogatory 4 is "Has the defendant, Harvey Clifton Baker, made a statement, in writing, to Associated Transport, Inc., or anyone on its behalf, concerning this accident?" Defendant argues that Baker "made a sworn statement at a Coroners (sic) inquest which is equally available to plaintiff." A statement to a coroner could hardly be termed a statement to the defendant, Associated Transport, Inc., or to a person on its behalf. Moreover, while there are situations in which a party will not be required to furnish information equally available to the other party,[2] a contention that some of the facts asked for may be known to the asking party "has seldom

Mark E. Garber, Carlisle, Pa., for plaintiff.

Harold S. Irwin, Carlisle, Pa., Moses K. Rosenberg, Harrisburg, Pa., William H. Dunbar, Harrisburg, Pa., for defendants.

1. Alltmont v. United States, 3 Cir., 177 F. 2d 971.

2. Klein v. Leader Electric Corporation, D. C.N.D.Ill., 81 F.Supp. 624.

474

furnished a basis for sustaining objections to interrogatories."[3] Generally, "An objection to interrogatories that the information sought is within the knowledge of the interrogating party is improper and without merit."[4]

 Interrogatories 4(a) and 4(b) request a copy or a summary of any such statement. The objections thereto are sustained.

Interrogatories 4(c) and 4(d) request names and addresses and should, so far as within defendant's knowledge, be answered.

Interrogatories 5(a) and 5(b) in so far as they relate to names of persons who made statements to defendant, Associated Transport, Inc., or on its behalf, should be answered; in so far as they apply to statements made to the other defendant, Baker, it would not be proper to require Associated Transport, Inc., to obtain this information as to which it would be in no better position than plaintiff to arrive at any conclusions concerning the completeness or accuracy of the information.[5] The objections to 5(a) and 5(b) in so far as they apply to statements to Baker, or on his behalf, are sustained.

Interrogatory 5(c) requests "copies" and the objections thereto are sustained.

Interrogatories 6(a), 6(b), 6(c), and 6(d) are objected to on the ground that "Plaintiff requests information which is entirely irrelevant and immaterial to the matters herein involved." Admissibility in evidence is not the test, nor does it appear that the information sought may not be relevant to the issue. "It is no valid objection to interrogatories propounded under Rule 33, * * *, to merely state that they are irrelevant to the issues."[6] The objections to interrogatories 6(a), 6(b), 6(c), and 6(d) are overruled.

3. Love v. Metropolitan Life Ins. Co., D. C.E.D.Pa., 8 F.R.D. 583, 584.

4. Woods v. Kornfeld, D.C.M.D.Pa., 9 F. R.D. 196, 197.

5. Wolf v. United Air Lines, Inc., D.C.M. D.Pa., 9 F.R.D. 271.

6. Glick v. McKesson & Robbins, Inc., D.

Interrogatory 7 is objected to on the ground that the material sought should be pursuant to Rule 34 of the Federal Rules of Civil Procedure. This objection is well taken. In so far as interrogatory 7 requires the attachment of "copies," the objection is sustained.

So ordered.

C.W.D.Mo., 10 F.R.D. 477; see also Wolf v. United Air Lines, Inc., D.C.M.D.Pa., 9 F.R.D. 271; Boone v. Southern Ry. Co., D.C.E.D.Pa., 9 F.R.D. 60; Chenault v. Nebraska Farm Products, Inc., D.C.Neb., 9 F.R.D. 529; Walsh v. Pullman Co., D.C.Mass., 9 F.R.D. 107.