**FISHERMEN & MERCHANTS BANK v. BURIN et al.**

**BURIN et al. v. FISHERMEN & MERCHANTS BANK et al.**

**UNION INS. SOCIETY OF CANTON et al. v. SKORLICH et al.**

No. 12134, 12261.

United States District Court
S. D. California, C. D.

Jan. 16, 1951.

Herbert R. Lande, San Pedro, Cal. (William Manns, San Francisco, Cal., of counsel), for plaintiffs and cross-defendants.

Arch E. Ekdale & Gordon P. Shallenberger, San Pedro, Cal., for defendants and cross-complainants.

WESTOVER, District Judge.

The defendants and cross-complainants herein propounded certain interrogatories.

Interrogatory 8 reads, in part, as follows: "* * * state where, when and by whom representations were made by the Defendants, and of what they consisted. If oral, state the substance of the conversations; if written, supply a copy of the writing." Interrogatories 9, 10 and 11 are of the same tenor.

Plaintiffs and cross-defendants answered Interrogatory 8 as follows: "The defend-

ants, orally and in writing, represented that the 'Red Sails' had a market value of $60,000.00, and a replacement value of $100,000.00. Said representations were made in October, 1949, and were made to Mr. Besich of Wickersham & Company at San Pedro, California, an insurance broker, for the purpose of obtaining marine hull insurance on the 'Red Sails', and with the knowledge in the defendants that said representations would be conveyed to the marine insurance underwriters such as the plaintiffs; that a survey, made in Costa Rica at the defendants' request, was submitted by the defendants to Wickersham & Company in support of their representations, a copy of same is attached hereto as 'Exhibit A'."

Interrogatory 9 was answered as follows: "At the time referred to above, the defendants concealed the fact that the true market value of the 'Red Sails' was not more than $20,000.00."

Interrogatory 10 was answered: "Same answer as to Int. 8."

Interrogatory 11 was answered: "Same answer as to Int. 9."

Defendants and cross-complainants made a motion to strike out the answers to the interrogatories as "inefficient, incomplete and evasive."

It appears from the interrogatories and the answers thereto that all information has been given, with the exception of that portion of the interrogatories which states: "If oral, state the substance of the conversations."

■ The question presented by the exceptions to these particular interrogatories is whether defendants and cross-complainants can force plaintiffs and cross-defendants to give a summation of conversations. Defendants and cross-complainants contend that under Rule 33, Fed.Rules Civ. Proc. 28 U.S.C.A., interrogatories may cover as broad a field as when the interrogated party is called as a witness at the trial. This appears to be the rule. Chandler v. Cutler-Hammer, Inc., D.C., 31 F. Supp. 453. However, interrogatories are not to serve as a substitute for the trial

itself. Stanley Works v. Rockwell Mfg. Co., D.C., 10 F.R.D. 421.

The Court, in Ritepoint Co. v. Secretary Pen Co., Inc., D.C., 94 F.Supp. 457, said: "We agree that the rule must be liberally construed and so applied as to permit the discovery of facts 'relevant to the subject matter.' It is our opinion, however, that the rule should not be so applied as to require a party to prepare for his adversary, and in advance of trial, a complete summary of the evidence which will be presented at the trial of the action on the merits."

In Shank v. Associated Transport, Inc., D.C., 10 F.R.D. 472, 473, the Court said: " * * * Plaintiff is entitled to an answer to that portion thereof requesting names and addresses of persons from whom such information was obtained. Plaintiff is not entitled to copies of written statements or summaries of oral statements * * *."

The leading case on this subject is Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 387, 91 L.Ed. 451. In that case the 38th interrogatory read: "State whether any statements of the members of the crews of the Tugs * * * were taken * * *. Attach hereto exact copies of all such statements if in writing, and if oral, set forth in detail the exact provisions of any such oral statements or reports."

The interrogatories were answered, but the defendants declined to summarize or set forth the statements taken from witnesses, on the ground that they were privileged matters obtained in preparation for litigation. The court held that such statements were not privileged, although taken by the attorney representing the defendants, but went on to discuss the question as to whether or not a party had a right to demand of his opponent that certain oral statements be summarized. The Court said, 329 U.S. at page 507, 67 S.Ct. at page 392:

"We agree, of course, that the deposition-discovery rules are to be accorded a broad and liberal treatment. * * * Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party

may compel the other to disgorge whatever facts he has in his possession. * * *

"We also agree that the memoranda, statements and mental impressions in issue in this case fall outside the scope of the attorney-client privilege and hence are not protected from discovery on that basis. * * *

" * * * Petitioner has made more than an ordinary request for relevant, nonprivileged facts in the possession of his adversaries or their counsel. He has sought discovery as of right of oral and written statements of witnesses whose identity is well known and whose availability to petitioner appears unimpaired. * * * We are thus dealing with an attempt to secure the production of written statements and mental impressions contained in the files and the mind of the attorney Fortenbaugh without any showing of necessity or any indication or claim that denial of such production would unduly prejudice the preparation of petitioner's case or cause him any hardship or injustice.

*       *       *       *       *       *

"But as to oral statements made by witnesses to Fortenbaugh, whether presently in the form of his mental impressions or memoranda, we do not believe that any showing of necessity can be made under the circumstances of this case so as to justify production. * * *"

Mr. Justice Jackson, in a concurring opinion, said:

" * * * the demand is not for the production of a transcript in existence but calls for the creation of a written statement not in being. * * *

" * * * Every one who has tried it knows that it is almost impossible so fairly to record the expressions and emphasis of a witness that when he testifies in the environment of the court and under the influence of the leading question there will not be departures in some respects. Whenever the testimony of the witness would differ from the 'exact' statement * * * the lawyer's statement would be whipped out to impeach the witness. Counsel producing his adversary's 'inexact' statement could lose nothing by saying, 'Here is a

contradiction, gentlemen of the jury. I do not know whether it is my adversary or his witness who is not telling the truth, but one is not.' * * *"

The United States Court of Appeal for the Third Circuit, in Alltmont v. United States, 177 F.2d 971, 978, subsequent to the decision of the Supreme Court in Hickman v. Taylor, supra, said:

"As we understand Civil Procedure Rule 33 and Admiralty Rule 31 a party is entitled as of right to compel his adversary to make a full disclosure of all the facts which the latter has learned which are relevant to the subject matter of the pending action and unprivileged, including information as to relevant statements and other documents in his control and the names and addresses of all persons having knowledge of relevant facts whom he or his agents have interviewed. The Rules, however, do not give a party an absolute right to obtain either the text or a resume of the statements which the adverse party has obtained from the persons whom he or his agents have seen. Having obtained information as to the existence, nature and location of the statements through interrogatories he is in position to move for their production under Civil Procedure Rule 34 or Admiralty Rule 32. But he must in every case make the showing of good cause required by those Rules for their production. * * *"

"We conclude for the reasons which we have stated that the libellants in this case were not entitled, as of right, under Admiralty Rule 31 (Civil Procedure Rule 33) to the copies of the statements which the district court ordered the respondent to furnish them in answer to interrogatories under that Rule. * * *"

From the foregoing it will be seen that plaintiffs and cross-defendants, in making answer to Interrogatories 8, 9, 10 and 11, went further than the rules required, inasmuch as they gave a copy of a survey which evidently cannot be obtained under Rule 33.

█ Plaintiffs and cross-defendants are not required to state in substance the conversations in question.

Interrogatory No. 39 reads as follows: "What are the citations of the alleged English law referred to in Paragraph XI, Page 5, Lines 28 to 32, inclusive, and Lines 1 to 17, inclusive, Page 6 (of the Complaint) and if case law, cite the cases?"

Defendants and cross-complainants in their memorandum to the court say: "* * * we concede we have no right to inquire by interrogatory what domestic law is applicable to the case, but foreign law is no different than any other evidence. Foreign law must be pleaded and proven as any other evidentiary matter and both Rule 33 and Rule 26(b) give to a party the right to inquire into all evidence not privileged * * *."

At the time of argument the Court asked counsel for authorities sustaining their contention that they had a right to demand of the plaintiffs and cross-defendants citations of the alleged English law and, if case law, the names and citations of cases. Evidently counsel have been unable to produce an authority which gives the right to demand such information. They predicate their argument on the fact that since it is necessary to plead and prove English law, plaintiffs and cross-defendants should be required to present to the defendants and cross-complainants the citations of the English law in question. We do not believe that Rule 33 goes so far as to require a party to present to his adversary the authorities upon which he predicates his case.

Whether the law claimed by plaintiffs and cross-defendants to be applicable does apply is within the province of the Court and is purely theory on the part of counsel claiming the applicability. It is undoubtedly the general rule that under interrogatories the opponent cannot demand and obtain opinions from the other side. Parties are not called upon to express opinions or conclusions.

In Broce v. Atchison, Topeka & Santa Fe Ry. Co., D.C.Ill. No. 47C, 1205 [1] the Court said: "The court is of the opinion

defendant's objection to said interrogatory must be sustained for the reason that it calls for opinions and conclusions which are within the prerogative of the court or jury to determine from the submission of defendant's evidence."

The statement of the Court in Ritepoint Co. v. Secretary Pen Co., Inc., supra: "* * * the rule should not be so applied as to require a party to prepare for his adversary, and in advance of trial, a complete summary of the evidence which will be presented at the trial of the action on the merits," could very easily be changed to read: "The rule should not be so applied as to require a party to prepare for his adversary, and in advance of trial, a complete citation of the law and the list of cases which will be used at the trial of the action on the merits."

Plaintiffs and cross-defendants will not be required to answer the interrogatories in question any further than they have already been answered.

1. No opinion for publication.