MALL TOOL CO. v. STERLING VARNISH
CO. et al.

Civ. A. No. 8863.

United States District Court
W. D. Pennsylvania.

Sept. 27, 1951.

Ira Milton Jones, Milwaukee, Wis., and Bruce G. Mackey and Webb, Mackey & Burden, Pittsburgh, Pa., for the plaintiff.

Walter J. Blenko, Blenko Hoopes, Leonard & Glenn, Pittsburgh, Pa., for defendant Blaw-Knox Co.

Carl E. Glock, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant Sterling Varnish Co.

STEWART, District Judge.

Plaintiff brought this action seeking a declaratory judgment with respect to the validity and alleged infringement of United States Letters Patent Nos. 2,411,180 and 2,417,538. The defendants filed an answer to the complaint and in addition, the defendant Blaw-Knox asserted a counterclaim against the plaintiff for royalties under a license agreement with the plaintiff allegedly covering these patents. Subsequently, plaintiff directed 78 interrogatories to defendant Sterling Varnish Company and 50 interrogatories to defendant Blaw-Knox Company. The case is now before the Court on defendants' objections to these interrogatories. For convenience, the interrogatories directed to Sterling Varnish Company will be designated "S" and those directed to Blaw-Knox "B".

The seven objections advanced by the defendants will be treated separately.

## I.

Defendants object to all of the interrogatories propounded by plaintiff on the ground that the interrogatories are ex-

cessive in number and seek matters which, if proper at all, should be developed by deposition under Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.C. and not by interrogatories under Rule 33. This objection is not well founded. Since the amendment to Rule 33, effective March 19, 1948, it is clear that the scope of interrogatories under Rule 33 is as broad as that of depositions under Rule 26. Borgen v. Pennsylvania Greyhound Lines, Inc., D.C. N.D.Ohio 1949, 9 F.R.D. 209. Rule 33, as amended, permits inquiry into "any matters which can be inquired into under Rule 26(b)". Rule 33, as amended, further provides that "The number of interrogatories or of sets of interrogatories to be served is not limited except as justice requires to protect the party from annoyance, expense, embarrassment, or oppression." Defendants cite two cases from this District— Chemical Foundation, Inc., v. Universal-Cyclops Steel Corp., D.C.W.D.Pa.1941, 1 F.R.D. 533 and Ball v. Paramount Pictures, Inc., D.C.W.D.Pa.1944, 4 F.R.D. 194—for the proposition that the interrogatories should be relatively few in number and related to the important facts of the case, and that when a more comprehensive examination of the adverse party is desired, it should be done by deposition. Both of these cases were decided prior to the 1948 amendment. The Advisory Committee Note relating to the Amendment of this rule makes it clear that a limit on the number of interrogatories was not intended, nor was it the intent of the committee that the field of inquiry be limited to important facts. It is pointed out by the Advisory Committee that there is no reason why interrogatories should be more limited than depositions, particularly when the former represent an inexpensive means of securing useful information.

Defendants cite Automatic Radio Manufacturing Co., Inc., v. Hazeltine Research, Inc., 1950, 339 U.S. 827, 70 S.Ct. 894, 94 L.Ed. 1312, for the proposition that a licensee under a patent license agreement may not challenge the validity of the licensed patent in a suit for royalties due under the contract. That authority, however, is not applicable at this stage of the case before us. Whether plaintiff is a licensee of the two patents involved is an issue in this case. Defendants argue that it is clear from the record that the plaintiff is a licensee. That question should not be determined on objections to interrogatories. If the defendants wish to raise a question which, if sustained by the Court, would dispose of the plaintiff's case, they should do so by a motion for summary judgment or by a motion to dismiss.

It seems to us that at this stage of the case there is an issue of law and fact as to whether the plaintiff is a licensee. See Riordan v. Ferguson, D.C.S.D.N.Y.1942, 2 F.R.D. 349, where it was held that interrogatories were not subject to the objection that they were irrelevant because they pertained to a defense which was insufficient in law, since the defense, until stricken, was valid. The function of the Court in passing upon objections to interrogatories has been well summarized in Bowles v. Safeway Stores, D.C.W.D.Mo. 1945, 4 F.R.D. 469. It is there stated that in determining whether answers should be ordered to interrogatories, the Court is not called upon to adjudicate the admissibility of the answers, but only to determine their relevancy to the subject matter of the pending action.

We therefore hold that the question whether the plaintiff is estopped to deny the validity of the patents is not properly before the Court at this time.

## II.

■ Objection is made to plaintiff's interrogatories numbered S 1 to 20, inclusive, and S 40 to 59, inclusive, on the ground that plaintiff is a licensee and, as such, estopped to deny the validity of the patents in question.

## III.

■ Objection is made to interrogatories numbered S 3, 8, 11, 12, 15, 18, 42, 47, 50, 51, 54 and 57 on the ground that, if proper at all, they do not provide for an exchange of the dates claimed by plaintiff with respect to the subject matter of the

interrogatories. In an action for declaratory judgment regarding the validity and infringement of a patent, this Court has held that the plaintiff is not required to answer interrogatories asking for dates of alleged prior use without receiving dates at the same time from defendants. Sutherland Paper Co. v. Grant Paper Box Co., D.C.W.D.Pa.1948, 8 F.R.D. 416. Insofar as the interrogatories objected to seek information relative to dates of prior use, the defendants will be required to answer only on the condition that the plaintiff submit to the defendants the dates that it will rely upon. In further support of this ruling, it may be noted that Rule 33 is expressly made subject to the provisions of Rule 30(b) which provides that the court may order "that the parties shall simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court; or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression." · We think these interrogatories fall within this category and that justice requires a simultaneous exchange of dates.

### IV.

■ Objection is made to plaintiff's interrogatories numbered S 21 to 39, inclusive, S 60 to 78, inclusive, and all of the B interrogatories on the ground that they are not restricted to subject matter existing at the date of commencement of this action. Some courts have so restricted the scope of interrogatories. Cinema Amusements v. Loew's, Inc., D.C.Del.1947, 7 F.R.D. 318; Massachusetts Bonding & Insurance Co. v. Harrisburg Trust Co., D.C.M.D.Pa.1941, 2 F.R.D. 197; McInerney v. Wm. P. McDonald Const. Co., D.C.E.D.N.Y.1939, 28 F.Supp. 557; E. I. DuPont DeNemours & Co. v. Byrnes, D.C.S.D.N.Y.1939, 1 F.R.D. 34. However, in all of the above authorities except, possibly, Cinema Amusements v. Loew's, Inc., supra, the court considered the fact that the interrogatories covered a period beyond the bringing of the action as a factor to be taken along with others in determining whether the interrogatories were relevant to the subject matter of the

case. We agree that it may be considered in determining relevancy, but, certainly, as a general proposition, the scope of interrogatories should not be strictly limited to matters occuring prior to the filing of the action. See 2 Barron & Holtzoff Federal Practice and Procedure (Rules Ed.1950) § 765, page 426.

### V.

■ Objection is made to plaintiff's interrogatories numbered B 3 to 25, inclusive, B 28 to 50, inclusive, S 3 to 5, inclusive, S 21 to 39, inclusive, S 42 to 44, inclusive, and S 60 to 78, inclusive, on the ground that they are not germane to any issue in this action. Insofar as the interrogatories objected to are not germane, this is a valid objection. Rules 33 and 26(b) and numerous cases thereunder make it clear that interrogatories must be limited to matters relevant to the subject matter of the action. See discussion in 2 Barron & Holtzoff Federal Practice and Procedure (Rules Ed.1950) § 765.

■ The courts have laid down several general guides to be applied in ruling on objections to interrogatories. Objections must be specific, pointing out the particular ground therefor, and general objections will not be sustained. Wolf v. United Air Lines, Inc., D.C.M.D.Pa.1949, 9 F.R.D. 271. The Court has broad discretion in determining whether an interrogatory is proper. De Bruce v. Pennsylvania R. Co., D.C.E.D.Pa.1947, 6 F.R.D. 403. In the exercise of its discretion under Rule 33, discovery should be allowed unless the court is satisfied that the administration of justice will be impeded by such allowance. Hickman v. Taylor, 3 Cir., 1945, 153 F.2d 212, affirmed 1947, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. .The burden is upon the objecting party to show that his objections to the interrogatories should be sustained. Bowles v. Safeway Stores, supra.

■ With these tests in mind, we conclude that this objection should be overruled for the reason that an examination of the interrogatories objected to indicates that they all are apparently relevant to the issues of the case. Since nothing specific has been pointed out to us to suggest in

580

what respect any of these interrogatories is not germane, it is neither expedient nor proper for us to search for obscure faults.

 Objection is made to plaintiff's interrogatories numbered B 2, 4, 5, 8, 10, 12, 14, 16, 18, 20, 23, 27, 29, 30, 33, 35, 37, 39, 41, 43, 45, 48, S 5, 10, 14, 17, 20, 22, 25, 28, 30, 33, 44, 49, 53, 56, 59, 61, 64, 67, 69 and 72 on the ground that, contrary to the intendment of Rules 33 and 34, they attempt to bring about an unjustified production of documents for inspection and copying. Defendants argue that plaintiff is attempting, under the guise of Rule 33, to effect a production of documents as provided for under Rule 34 without complying with the requirements of Rule 34 for production.

Plaintiff's counsel stated in oral argument and in his brief that he was merely seeking information as to the existence and location of certain documents prior to a possible proceeding under Rule 34 for their production. This is a proper procedure. One of the requirements of Rule 34 is that the documents sought to be produced be in the possession, custody or control of the party to whom the request for production is addressed. Consequently, the existence and location of the documents sought must be established prior to proceeding under Rule 34. William A. Meier Glass Co. v. Anchor Hocking Glass Corp. D.C.W.D.Pa.1951, 11 F.R.D. 487; Condry v. Buckeye S. S. Co., D.C.W.D.Pa.1945, 4 F.R.D. 310.

Since plaintiff's counsel has indicated that he seeks only information relating to the existence and location of certain documents, these interrogatories will be interpreted as limited to that extent, and as such are proper.

## VII.

 Objection is made to plaintiff's interrogatories numbered B 3, 7, 10, 11, 19, 22, 23, 28, 32, 35, 36, 44, 47, 48, S 1, 6, 7, 8, 9, 13, 14, 16, 17, 18, 24, 26, 27, 28, 29, 30, 33, 34, 36, 37, 40, 45, 46, 47, 48, 52, 53, 55, 56, 57, 63, 65, 66, 67, 68, 69, 72, 73, 75 and 76 on the ground that they call for opinions or conclusions. Insofar as the interrogatories objected to do call for opinions or conclusions, this is a valid objection. A party interrogated need answer only matters of fact within his knowledge and is not required to express opinions, or to make research and compilation of data and information not readily known to him. Chemical Foundation, Inc., v. Universal Cyclops Steel Corp., supra. Numerous cases have held that one is not required to give an answer calling for a conclusion, particularly a conclusion of law. Kraft v. Washington & Jefferson College, D.C.W. D.Pa.1951, 11 F.R.D. 503; Bush v. Skidis, D.C.E.D.Mo.1948, 8 F.R.D. 561. The discussion under V, supra, with respect to the court's discretion in permitting interrogatories, the requirement of specificity of objections, and the burden of supporting objections is equally appropriate here. Counsel's objection VII is in general terms. If we are to entertain objections on these grounds, counsel must point out as to each interrogatory in what respect it calls for a conclusion or opinion.

An apropriate order will be entered.