173 So.2d 743 (1965)
Arthur G. CARSON and Myrtis E. Carson, et al., Appellants,
v.
The CITY OF FORT LAUDERDALE, a municipal corporation of the State of Florida, Appellee.
Nos. 5407, 5409.
District Court of Appeal of Florida. Second District.
April 7, 1965.
Carl V. Wisner, Jr., Ft. Lauderdale, for appellants.
C. Shelby Dale, City Atty., and James E. Edwards, Asst. City Atty., Ft. Lauderdale, for appellee.
ALLEN, Judge.
This is an interlocutory appeal filed by plaintiff-appellants seeking review of a pre-trial order of the circuit court sustaining objections to interrogatories and requests for admissions propounded by the plaintiffs in this action in equity.
The defendant-City was served with 205 written interrogatories and 59 requests for admissions. The objections to both the *744 interrogatories and requests for admissions were identical, and were phrased as follows:
"1. The Requests are absurdly onerous and burdensome.
"2. The Requests call for numerous admissions of fact, mixed with conclusions of law, statements of ultimate fact, matters within the knowledge exclusively of the Plaintiffs, technical and scientific research and conclusions, and require an enormous amount of research.
"3. It is not clear whether the time period stated is the period to answer or the period when the facts were supposed to be true.
"4. The Defendant has already fully answered the complaint under the rules.
"5. The Requests go far beyond simple statements of fact and admissions of documents and require elaborate and complicated conclusions which are the province of the Chancellor, after hearing all the evidence. * * *
"6. Plaintiffs are seeking to cast most the entire burden of proving their case on the Defendant.
"7. If it is the intention of the Plaintiffs that the period of time stated in the request relates to the time when the facts were supposed to be true, then the Plaintiffs have not set a time in which to reply to the admissions, contrary to Rule 1.30 of the Florida Rules of Civil Procedure."
On the basis of the above and an accompanying affidavit of an assistant city engineer to the effect that answers to the interrogatories and requests would require a considerable amount of research and expense, the trial court found all of the inquiries to be improper. The order rested largely on Objection Number 2, supra. It was entered without prejudice to the plaintiffs proposing other interrogatories. This appeal followed.
It is well recognized that in matters of discovery, trial courts are vested with wide discretion, and their treatment of problems arising thereunder ordinarily will not be disturbed. Charles Sales Corp. v. Rovenger, Fla. 1956, 88 So.2d 551. Equally well recognized, however, is that the burden of proving the validity of objections is upon the objecting party. Id.
The extent of this burden has not been developed in Florida case law, but in view of the fact that the federal rules dealing with interrogatories and requests for admissions are almost identical with our state rules pertaining to such inquiries, decisions of the federal courts, as well as comments by text writers on the federal rules, are in point. Accordingly, we look to them in ascertaining the application of our state rules, i.e., Rules 1.27 and 1.30, Fla.R.Civ. P., 30 F.S.A.
With respect to objections to interrogatories, Professor Moore, in his work on federal practice, 4 Moore, Federal Practice, § 33.27, at 2336 (2d ed. 1963), has this to say:
"Objections to interrogatories must be sufficiently specific that the court may, in considering such objections with interrogatories propounded, ascertain therefrom their claimed objectionable character; general objections to interrogatories, as that they will require the party served to make research and compile data, or that they are unreasonably burdensome, oppressive and vexatious, or that they seek information which is easily available to the interrogating party as to the objecting party, or that they would cause annoyance, expense, and oppression to the *745 objecting party without serving any relevant purpose to the issue, are insufficient."
In United States v. Nysco Laboratories, Inc., 26 F.R.D. 159, 161 (E.D.N.Y. 1960), the federal district court observed that under Rule 33, Fed.R.Civ.P., 28 U.S.C.A., written objections to interrogatories may be served "thereto." The court then went on:
"The word `thereto' refers to a particular interrogatory or class of interrogatories, not to the interrogatories in general. In other words, the objections must be specific and supported by a detailed explanation why the interrogatory or class of interrogatories are objectionable." (Emphasis added.)
See also Woods v. Kornfield, 9 F.R.D. 196 (M.D.Pa. 1949); and Bowles v. Safeway Stores, Inc., 4 F.R.D. 469 (W.D.Mo. 1945).
We are of the view that Rules 1.27 and 1.30, Fla.R.Civ.P., 30 F.S.A., contemplate the same burden being imposed on an objecting party. Clearly, the "blanket" objections filed by the City did not sustain that burden. However, as noted by the court in the Nysco case, supra, the court may, even though the method of procedure is improper, examine the interrogatories and objections and make its rulings thereon in the interest of expediency. Such a step, the court goes on to say, would entail the court's selecting from among the propounded interrogatories (or requests for admissions), the particular questions to which the general objections applied.
This brings us to what we deem to be the problem at bar, that is, whether the plaintiffs' interrogatories and requests for admissions could be stricken in their entirety without any designation as to the applicability of the objections. Submission of supplemental memoranda on this point was requested of the parties.
The City cites us to Elgin Cooperative Credit Assn. v. American Employers Ins. Co. v. Doran, 17 Fed.Rules Serv. 33.318, Case 1, (D.C.Neb. 1952). The court there allowed a rejection in toto of interrogatories on the ground that the few that might have been allowed to stand were presented "in relation" to the objectionable questions, therefore they fell together.
In the cause before us, there was no finding that all of the propounded interrogatories and requests for admissions were inextricably intertwined so that they had to stand or fall together. Therefore, we conclude that the trial court erred in rejecting plaintiffs' interrogatories and requests for admissions in their entirety without designating the applicability of the written objections thereto.
Reversed and remanded for further proceedings not inconsistent herewith.
SMITH, C.J., and SHANNON, J., concur.