### CLOSE v. SANDERSON & PORTER.
#### Civ. No. 10205.

United States District Court
W. D. Pennsylvania.
Sept. 15, 1952.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

Milton Lamproplos, Pittsburgh, Pa., for defendants.

STEWART, District Judge.

Plaintiff brings this action to recover damages for injuries allegedly sustained by him as the result of the collapse of a scaffold on which he was working. Plaintiff avers that it was the duty of the defendants to supervise the construction and maintenance of the scaffold and to inspect it periodically to assure its safety and that his injuries resulted from the negligent failure of the defendants to perform this duty.

Defendants filed an answer denying liability to plaintiff. Subsequently, plaintiff served 32 interrogatories on the defendants pursuant to Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C. Defendants answered 11 of these interroga-

tories but filed written objections to the remaining 21. During the hearing on the defendants' objections, plaintiff withdrew certain of the remaining interrogatories so that the interrogatories before us for consideration at this time are Nos. 5, 6, 7, 8, 9, 10, 16, 18, 19, 24, 28, 29, 30, 31 and 32 in their entirety and Nos. 11 and 27 in part.

Defendants object to these interrogatories for various reasons. They argue that some are not relevant to the subject matter of the action; that some call for opinions and conclusions of law; that some seek information outside the knowledge of defendants and would require considerable investigation and research on their part to enable them to answer; and finally that many are too vague or ambiguous to enable defendants to determine the scope of the interrogatory. At least two of these objections are made to most of the interrogatories now concerning us.

■ Many cases have considered the scope of interrogatories and it seems well settled that interrogatories which are subject to the objections raised by defendants are improper. This Court considered the problem in Mall Tool Company v. Sterling Varnish Company and Blaw-Knox Company, D.C.W.D. Pa.1951, 11 F.R.D. 576, and set forth therein the tests applicable in resolving it.

■ An examination of the interrogatories objected to discloses that most of them do not meet these tests and are, consequently, improper. All of the interrogatories except Nos. 9, 10, 16, 18 and 19 fall within this category. The remaining interrogatories are improper for one or more of the reasons urged by defendants. Many are not relevant to the subject matter of the action, many seek opinions and legal conclusions, and many seek information not within the knowledge of defendants and which would require considerable investigation and research. Some of them are subject to more than one of these faults. Although fishing expeditions may properly be conducted under the present liberal discovery rules existing in federal courts, it

is clear that each counsel must prepare his own case and not require his opponent to do so by a system of interrogatories so broad that they would bring about this result.

Defendants will be directed to answer interrogatories 9, 10, 16, 18 and 19 insofar as they relate to factual matters within their knowledge since these interrogatories do have some relevancy to some factual issues present in this suit. An answer to these interrogatories may shed some light on the nature of defendants' relationship to the project involved. An appropriate order will be entered.