S. JEANIE DAVIS, Appellant, *v.* ALBERT W. TREMAIN, as Executor and Trustee under the Will of ELEANOR H. HIGGINS, Deceased, et al., Respondents.

Will — action for construction — judgment, as to title of real estate without the state, invalid — when action involving boundaries of land must be at law not in equity.

1. An action cannot be maintained for construction of a will where the will creates no trusts and the estates given by it are all legal, not equitable, except under section 1866 of the Code of Civil Procedure.

2. An action will not lie under section 1866 to determine the validity, construction or effect of a testamentary disposition of real estate situated without the state, since a judgment rendered by our courts as to the title of real estate without the state is a nullity.

3. Where there is no question as to the validity, construction or effect of a will, the question of boundaries of lands devised thereby, in the absence of some special equity, is one to be determined at law.

*Davis* v. *Tremain*, 145 App. Div. 902, reversed.

(Argued March 28, 1912; decided April 9, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department entered May 11, 1911, affirming a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*W. E. Scripture* for appellant. The action of the court in locating and fixing the lines and boundaries of the home residence, 104 East Liberty street, and the adjoining tenant property, thereby transferring a part of plaintiff's land to the life estate, was contrary to law and not justified. (1 Tiffany on Real Property, § 258; Chaplin on Trusts & Powers, § 27.)

*Ward J. Cagwin* and *Frederick M. Calder* for respondents. The construction of the will as regards the devise of the Rome real estate is necessary in order to carry out the trust. (*Waugh* v. *Waugh*, 28 N. Y. 94; *Anderson* v. *Anderson*, 112 N. Y. 104; *Tonnele* v. *Wetmore*, 195 N. Y. 436; *Reed* v. *Williams*, 125 N. Y. 560; *Chipman* v. *Montgomery*, 63 N. Y. 221; *Wager* v. *Wager*, 89 N. Y. 161; *Bowers* v. *Smith*, 10 Paige, 200; *Post* v. *Hover*, 33 N. Y. 602.)

CULLEN, Ch. J. Eleanor H. Higgins died at the city of Rome in this state in the month of November, 1909, leaving a last will by which she devised to the plaintiff a lot with a house and barn thereon, situate 104 East Liberty street in said city, in fee, and a life estate in all (or part of) her remaining real estate, except a farm which she devised in fee to the plaintiff's sister. There were two residuary clauses, in one of which the testatrix gave her executor a power of sale over the residuary real estate with directions to divide the proceeds thereof after the death of the plaintiff among certain legatees, and another clause under which certain property was given to the plaintiff. The testatrix was also seized in fee of certain real estate situate in the state of New Jersey.

After probate here the plaintiff brought this action against the executor and legatees for a construction of the will. The will created no trust and the estates given by it were all legal, not equitable. Therefore, the construction of the will presented questions of legal, not of equitable cognizance, and the action could not be main-

tained were it not for section 1866 of the Code of Civil Procedure, which authorizes an action to be brought to determine the validity, construction and effect of testamentary dispositions of real estate within the state. (*Mellen* v. *Mellen*, 139 N. Y. 210.) Under this provision, upon the face of the complaint the action would lie, but when it came to the trial it appeared that the only dispute between the parties related to the real estate in New Jersey — the plaintiff contending that under the will it was given her in fee — the defendant claiming that the plaintiff took only a life estate in it and that on her demise it was to be sold and the proceeds paid over to the legatees. As the real estate in controversy was not within this state, the suit was unauthorized under the Code provision. Nevertheless, as the plaintiff saw fit to institute the action and the defendant did not challenge her right to litigate the question in this action — the plaintiff having been beaten — we should not be inclined to hear her now complain that the court should not have entertained the suit were it not for the fact that a judgment rendered by our courts as to the title of real estate without the state is a mere nullity. (Story's Conflict of Laws, secs. 551 to 555; *Fall* v. *Eastin*, 215 U. S. 1.) Even if no party objects we should not assume to render a judgment which we have no jurisdiction to render.

The premises 104 East Liberty street were a part of a larger tract of land which the testatrix owned at her death. As to the portion of the tract other than the testatrix's home, 104 East Liberty street, there was no dispute between the parties that in it the plaintiff took only a life estate. But there was a difference of opinion as to what were the true limits of the lot. The defendant executor by his answer interposed as a counterclaim a demand that the court ascertain and determine said boundaries. The plaintiff by her reply and on the trial challenged the right of the court to decide that question in this litigation. Her objection was overruled and the

controversy was decided adversely to her.   We think the plaintiff's objection should have prevailed.   The fact that there was a power of sale given to the executor did not render the dispute between the parties one of equitable cognizance (*Mellen* v. *Mellen, supra*), nor did the section of the Code cited have that effect.   As to the property in the city of Rome, there was no question as to the validity, construction or effect of the provisions of the will.   The plaintiff took a fee in No. 104 East Liberty street and a life estate in the remainder.   The question of the boundaries of the lot No. 104 was one to be determined at law, except there was some special equity in addition to mere confusion of boundaries (Story's Eq. §§ 615, 616; Pomeroy's Eq. § 1384), and the plaintiff was entitled to a trial thereof by jury.

The judgments of the Appellate Division and Special Term should be reversed and the complaint of the plaintiff and the counterclaim of the defendant Tremain dismissed, without costs to any party in any court.

GRAY, HAIGHT, VANN, WERNER, HISCOCK and COLLIN, JJ., concur.

Judgments reversed, etc.