WILL OF RUPPERT: FUGINA, Trustee, Appellant, vs. STATE BOARD OF CONTROL, Respondent.

*January 15—February 13, 1940.*

528

*M. L. Fugina* and *Marvin L. Fugina,* both of Fountain City, for the appellant.

*James J. Gleeson* of Alma, guardian *ad litem,* for Anna Ruppert.

*Blaine M. Linke,* collection and deportation counsel, and *Paul B. Knuese,* assistant collection and deportation counsel, for the respondent.

FAIRCHILD, J.    The appellant questions the jurisdiction of the Wisconsin court to construe the will of Charles Ruppert, who at the time of his death was a resident of the county of Winona, Minnesota, and also whether Anna Ruppert, the incompetent, has come into possession of property so as to render her estate liable to the State Board of Control for her maintenance and support.

The validity and kind of an estate held by Anna Ruppert may be determined by the law of Wisconsin where the land which is the greater portion of her holding is situate.   The devise by its nature being an individual grant of land, the

will accomplishes the transfer under laws of this state. Restatement, Conflicts, p. 333, § 249. Hence, the determination of the meaning and intent of the will devising the real estate and relating to the testator's provision for his daughter Anna, is a matter within the jurisdiction of our courts. The county court of Buffalo county, in which ancillary proceedings for administration of the estate were commenced after the will had been admitted to probate in the state and county of the testator's residence, therefore, had authority to construe the will. *Will of Hebblewhite,* 228 Wis. 259, 280 N. W. 384.

Anna Ruppert has been a resident of this state all her life. The greater portion of her inheritance was real estate located in Buffalo county. It appears readily enough from a reading of the will that the title to the property which the father decided to have descend to his daughter was given to her, although he nominated his nephew to serve as the protector or guardian of her estate during the period of her incompetency. The language of the will is convincing. The testator begins : "In order to place Anna on an equal footing with my other children, I hereby direct that' my executors set apart the sum of fifteen hundred dollars out of my estate for her." He continues in the second paragraph of the will, after providing for the payment of his debts and funeral expenses, that "after further deducting from my estate the sum of fifteen hundred dollars above set apart for my daughter Anna, it is my will that all the rest, residue and remainder of my estate, both real and personal, be equally divided among my six children," and Anna was one of the six. Being conscious of the fact that she is incapable of managing her property, he provides that as long as this mental deficiency exists the property shall be managed by others, and he provides in his will that in case of her death without having recovered her reason, the estate shall go to her heirs. Are not the devises to the several children made in language identical to

that used in the devise to Anna? This cannot be overlooked, for there is no occasion for assuming a different meaning as to one when the terms used as to all are the same. Nor does the granting of a power of sale to a custodian of Anna's property, who was authorized to alienate in fee by means of a conveyance and control the proceeds arising therefrom belonging to Anna, change the nature and quality of the estate devised to her.

In his solicitude for the welfare of his afflicted daughter he contemplated circumstances of an insane person with property, and expected that her situation would require a guardian of her estate. He suggests a proper person for that office, and so far as he could he provided for events that might or might not come to pass, all without in any way affecting or limiting the fee devised to Anna. Throughout the will he used expressions such as these: "Authorizing and directing him as such trustee to take her share of my estate and manage the same, investing all moneys belonging to her . . . to sign deeds of conveyance in behalf of my daughter Anna conveying all her right, title and interest in such real estate to the purchaser thereof, and in general to do everything necessary for the proper management of her share of my estate."

This conclusion was accepted and followed by the county court of Winona, Minnesota, as well as the county court of Buffalo county, and the final decree of the latter court on March 30, 1920, provided in substance that the real estate be assigned to the residuary devisees in undivided shares in fee and absolutely. The conclusion reached in the court below that it had jurisdiction to construe the will is sustained; and it also follows that because of the circumstances under which the incompetent is maintained, it was proper to allow the claim of the state as a creditor against Anna Ruppert. The contention that the contingent rights of beneficiaries is involved is not well grounded. Title to the property having vested absolutely in Anna, there is no occasion for consider-

ing this matter further. The intention of the testator gathered from the whole will was to vest in Anna Ruppert a title in fee to the property devised to her, and during her incapacity to act for herself to have some guardian or someone acting in that capacity toward her estate, act for her.

*By the Court.*—Judgment affirmed.