LOUIS H. PINK, SUPERINTENDENT OF INSURANCE, ETC., ET AL., PLAINTIFFS-RESPONDENTS, v. VIOLET P. DEERING, DEFENDANT-APPELLANT.

Argued January 20, 1943—Decided February 23, 1943.

Before Justices CASE, DONGES and COLIE.

For the plaintiffs-respondents, *John D. Craven.*

For the defendant-appellant, *John Warren.*

The opinion of the court was delivered by

CASE, J. Appellant argues two appeals. The first is from an order made in the Monmouth County Circuit Court on October 6th, 1939, granting a lien in favor of the plaintiffs and directing a writ of execution to issue. The second is from an order, made in the same court on September 26th, 1940, discharging a rule to show cause which the appellant had caused to issue; and this appeal was taken April 23d, 1942, clearly out of season. The fundamental question, common to both appeals, is whether the Circuit Court had authority, in issuing a writ of restitution relating to chattels, to insert therein a provision that the restoration should not be made to Mrs. Deering unless she should reimburse to the respondents the amounts paid by them for taxes and like

ownership charges. For the reasons hereinafter stated we think that the appeals do not properly lie and should be dismissed.

The errors alleged to have existed in the order of October 6th, 1939, were argued without reservation by appellant under the rule to show cause, the disposition of which is the subject of the second appeal; and therefore, upon the principle that the prosecutor of a rule may not save for appeal an exception that goes to a point assigned and argued under the rule, *Dombroski* v. *Metropolitan Life Insurance Co.,* 126 *N. J. L.* 545, appellant waived the benefit of her appeal from the October 6th, 1939, order and must seek her remedy, if at all, under the second appeal.

The second appeal, as we have said, is from an order discharging a rule to show cause. That rule was directed against the order of October 6th, 1939, and against the condition contained in the writ of restitution dated June 17th, 1939, which provided that the restoration of the chattels, which was the subject-matter of the writ, should not be made to the appellant until she should have paid to the plaintiffs certain disbursements, chiefly municipal taxes on the chattels, which the plaintiffs had in good faith paid for the protection of the chattels, and such further sums as the plaintiffs should pay for the moving and storage of the goods in the event that appellant should not forthwith take them over. It is apparent that the error, if error existed, in the provision as to reimbursement lay in the writ of restitution rather than in the order appealed from which, in that direction, merely refused to disturb the provisions of the writ. If the writ of restitution was appealable—and upon this we make no holding—it was appellant's duty to perfect her appeal within the statutory time limitation, and this she did not do; and she may not, after the period of appeal has elapsed, start a new period running by the device of asking the court to alter the allegedly faulty writ and then reading error into the refusal of the court to grant that request. If the unsatisfactory provision in the writ was not the subject of appeal and was made the subject of an address to the discretion of the court, as the application for the rule to show cause plainly was, then the court's

disposition thereof follows the usual course of determinations by a court on rules to show cause in discretionary matters and carries no appeal, *Kople* v. *Zalon,* 122 *N. J. L.* 422; unless indeed for an abuse of discretion, *Martin* v. *Lehigh Valley Railroad Co.,* 114 *Id.* 243, so serious as to be a shock to reason and to justice, *Nelson* v. *Eastern Air Lines, Inc.,* 128 *Id.* 46, 58. We think that there was no such abuse in the requirement that the appellant, claiming to be the owner of the chattels, should be called upon to reimburse the other side for expenses honestly paid in settlement of essential debts properly chargeable to the owner.

Nothing has since occurred to vary the decision of this court as reported in *Pink* v. *Deering,* 125 *N. J. L.* 569. The opinion by Mr. Justice Porter clearly states the essential facts and reaches a conclusion which we think is dispositive of the present appeal. All of the issues now presented were presented then. Appellant, having before her the several procedures by which she might seek her objective, chose to go before this court on a motion which was at variance with and, by the terms of that decision, in lieu of an appeal, and under the doctrine of *res judicata* she is bound by the adverse decision there rendered. It is said on her behalf that that opinion was *obiter dictum* in the respects mentioned. But she elected to obtain her desired relief by motion before the Supreme Court and went to that court seeking precisely the relief that she now seeks. In doing so it was her duty to have her state of case perfected and to present all of the reasons that would contribute to her cause. The court decided that she was not entitled to relief and stated its reasons. We think that the findings were not *obiter,* and we deem it unnecessary to enlarge upon the reasoning thereof. If appellant considered that that decision was at fault, her redress was by appeal to the Court of Errors and Appeals.

The appeals will be dismissed.