FRED STOVER, appellant, v. CENTRAL BROADCASTING COMPANY, appellee.

No. 49009.

(Reported in 78 N.W.2d 1)

JULY 26, 1956.

REHEARING DENIED OCTOBER 18, 1956.

Cosson, Stevens, Hauge & Cosson, of Des Moines, for appellant.

Bannister, Carpenter, Ahlers & Cooney, of Des Moines, and Lane & Waterman, of Davenport, for appellee.

THOMPSON, C. J.—On March 13, 1954, the plaintiff filed his petition asking judgment for damages allegedly sustained because the defendant broadcast a radio program in which the plaintiff was falsely and maliciously named a Communist and member of the Communist party. The plaintiff was at the time the president of the Farmers Educational and Cooperative

Union of America, commonly known as the Farmers Union. The defendant was the owner and operator of radio stations WHO and WHO-FM, and the petition alleged that on February 21, 1954, it broadcast a program entitled "Last Man Out" in which the alleged defamatory statements were made.

On August 31, 1954, the defendant filed its answer, and in connection therewith on the same date it filed an application for permission to file in excess of thirty interrogatories, under rule 122, Rules of Civil Procedure. At the same time it filed fifty-seven numbered interrogatories. On September 30, 1954, the plaintiff filed his "Resistance to Application for Permission to File in Excess of Thirty Interrogatories." Since we think this resistance is of governing importance in the present appeal, we set it out in full herewith:

"Comes now the plaintiff and resists the defendant's Application for Permission to File in Excess of Thirty Interrogatories and as grounds therefore (sic) states:

"1. That the plaintiff denies 'that the scope of the relevant matters concerning which this defendant seeks information in this case is so broad that the matters to be inquired about cannot be confined to thirty interrogatories,' and further denies 'That each of the attached interrogatories relates to material issues in this case and the answers to the same rest peculiarly within the knowledge of the plaintiff and the defendant has no adequate source of information regarding the same,' and as a further reason for his said resistance the plaintiff denies that it would be in the interest of justice to require the plaintiff to divulge the information requested in said interrogatories and states that it is not necessary that many of the interrogatories requested be answered in order to permit the defendant to adequately prepare for trial;

"II. That as an additional reason for his said resistance the plaintiff states that many of the interrogatories are not material to the issues in this case and in fact are not interrogatories or questions but are demands for a vast fund of information much of which is not or could not be relevant or material in this case and many of which are not properly necessary for the defendant to have in order to prepare for trial, and for the addi-

tional reason that the proper interrogatories proposed in the defendant's said Application, are less in number than thirty (30) ;

"III.   That many of defendant's purported questions are improper, incompetent and immaterial and if answered would not tend to prove or disprove any of the issues in this case and such purported questions show on their faces, and because of the multiplicity and magnitude thereof, that they are filed for the purpose of creating suspicion, prejudice and confusion relative to the actual and real issues involved in this case and not for the purpose of permitting the defendant to adequately prepare for trial."

It is important to note that no objections were filed to the interrogatories themselves, except as such as were contained in the resistance above set forth.  On October 16, 1954, with amendment on October 21, 1954, the plaintiff filed his motion for leave to file an amended and substituted petition, with copy of the proposed petition attached.  After several hearings, the trial court ordered that the defendant might file fifty-seven interrogatories, as requested; and that fifty-one of them were proper and should be answered.  Qualifications were attached to the required answers to some of those which it was held should be answered.  This order was entered on November 22, 1954.

On December 3, 1954, the defendant filed its resistance to plaintiff's motion for leave to file an amended and substituted petition.  On December 6 following the court entered its order permitting the filing of the amended and substituted petition; but significantly included this language in the order :

"The court is of the opinion that the proposed amended and substituted petition does not substantially change plaintiff's claim and that in the furtherance of justice the amendment sought should be permitted.  Therefore the motion is sustained. * * *

"On November 22, 1954, this Court filed a ruling on application for permission to file in excess of thirty interrogatories.  In presenting the motion for permission to amend herein ruled on, counsel made no request for any modification of the ruling dated November 22, 1954, and no modification of said ruling is intended or made in the present ruling."

On December 16, 1954, the plaintiff filed his "Motion to Reconsider the Court's Ruling Requiring Plaintiff to Answer 57 Interrogatories." This motion was denied by the court on January 13, 1955, and on January 17 following the plaintiff filed in this court his application for leave to appeal from the order denying his motion to reconsider. We granted leave to appeal in these terms:

"After consideration * * * it was determined that leave to appeal from an interlocutory order should be granted and it is hereby granted to the extent that the plaintiff is permitted to appeal from the ruling and order of the District Court of Polk County, Iowa, dated January 13, 1955, wherein said court overruled plaintiff's motion to reconsider the court's ruling filed November 22, 1954, requiring plaintiff to answer certain interrogatories noted in said ruling."

I. We have set out above the resistance of the plaintiff to the application for leave to file more than thirty interrogatories, and have said that no other objections were filed. A cursory inspection of the resistance shows that no specific objections were lodged against any specific interrogatories. Paragraph I of the resistance concludes with the statement "it is not necessary that many of the interrogatories be answered in order to permit the defendant to prepare adequately for trial." Paragraph II alleges that "many of the interrogatories are not material to the issues in this case", etc. Paragraph III says that "many of the defendant's purported questions are improper, incompetent and immaterial", etc. Rule 123 provides for filing objections to proposed interrogatories within seven days. While the specific question has not been passed upon by this court, it seems clear that the objections must be sufficiently specific to point out to the court the claimed reason why each interrogatory need not be answered. Omnibus objections such as the ones contained in the resistance above set out serve no purpose and should not be considered. They say only that "many" of the interrogatories are improper for stated reasons; but which ones are vulnerable to these complaints is nowhere pointed out. The court is left to speculate as to which interrogatories are thought by the plaintiff to be not necessary to enable the defendant to

prepare adequately for trial, which ones not material, which ones improper or incompetent.

While our rules governing interrogatories vary in several respects from the federal rules, we think there is no difference in principle on the matter of filing specific objections. There is the same good reason for requiring that objections must be definite and point out to the court with certainty the weakness or vice in the interrogatory attacked here as in the federal practice. General objections have often been held insufficient in the federal courts and under the Federal Rules Decisions. Thus in Bowles v. Safeway Stores, 4 F.R.D. 469, 470, it is said:

"General objections to interrogatories are not proper. Boysell Co. v. Hale, D. C., 30 F. Supp. 255; Cyclopedia of Federal Procedure, 2nd Ed., Vol. 6, Sections 2762 and 2986. The reason therefor is that the Court is not required to sift each interrogatory to determine the usefulness of the answer sought. The burden is upon the objector to show that the answer is privileged, not relevant or in some other way, is not the proper subject of an interrogatory. Blanc v. Smith, D.C., 3 F.R.D. 182."

In Hoffman v. Wilson Line, Inc., 7 F.R.D. 73, 74, it was held: "Since the defendant has not lodged specific objections to Interrogatories Nos. 27, 31, 32, 33, 34, 35, 36, 37, 38, 51 and 52 they must be answered."

The federal courts have repeatedly held that an objection which is so general that it would require the court to particularly examine each question propounded to determine if the objection applies, is not good. It is true that in the instant case the court did not place its ruling directing that certain of the proposed interrogatories be answered upon the ground suggested above. It took the difficult and laborious method of analyzing each interrogatory to determine if any objection applied. The plaintiff has received the benefit of the court's grace in this respect through the elimination of some six of the questions propounded; and from this the defendant has not appealed.

But we are committed to the rule that we must affirm the trial court if any sufficient basis appears in the record there-

for, even though the ruling was placed upon a different ground. In re Will of Smith, 245 Iowa 38, 46, 60 N.W.2d 866, 871; Folsom v. Grove, 233 Iowa 1140, 1142, 11 N.W.2d 368; In re Will of Crissick, 174 Iowa 397, 416, 156 N.W. 415, 422; In re Will of Jahn, 184 Iowa 416, 421, 422, 165 N.W. 1021, 1023. The burden is upon the appellant to demonstrate error; and this he has not done if the record shows proper support for the ruling complained of. We are clear that the rule applies here. The trial court could well have placed its ruling upon the ground of lack of specific objections, and we uphold it on that ground.

II. Appellee also urges that a motion to reconsider a previous ruling or order (except for motions granting or denying new trials under rule 331) raises no question of law and demonstrates no error. The error, if any, was in the previous ruling, and the appeal should have been taken from it. There is merit in this contention. The rule is stated in Fairbanks v. Beard, 247 Mass. 8, 9, 141 N.E. 590, 591, 30 A. L. R. 698, 699: "The disposition of a motion to vacate judgment rests in the sound discretion of the court. The mere refusal to grant it raises no question of law." In the case at bar, while plaintiff contends that the filing of his amended and substituted petition called for a different ruling on the interrogatories, we have pointed out that the court in its ruling permitting the filing of this petition specifically found plaintiff's claim was not substantially changed, and "no modification of said ruling (concerning interrogatories) is intended or made in the present ruling." The court clearly held in its order of December 6 that the order directing the answering of interrogatories made on November 22 was not changed, but was still in full force and effect, notwithstanding the amended and substituted petition. It is immaterial whether we consider plaintiff's motion to reconsider as applying to the original order to answer interrogatories made on November 22 or the order of December 6.

Since we have held in Division I that the case must be affirmed, we shall not discuss at length the contention that a refusal of a motion to reconsider or vacate or set aside a previous ruling raises no appealable question and generally by its nature cannot be made the basis of an appeal. But see Townsend v. Wis-

ner, 62 Iowa 672, 673, 18 N.W. 304; Bane v. Becker, Iowa, 8 N.W.2d 421; 4 C.J.S., Appeal and Error, section 132a, pages 265, 266; 2 Am. Jur., Appeal and Error, section 102; Bennett v. Johnson, 230 Minn. 404, 42 N.W.2d 44; Barrett v. Smith, 183 Minn. 431, 237 N.W. 15; Nuckolls v. Bank of California, 10 Cal.2d 266, 270, 74 P.2d 264, 267, 114 A.L.R. 708; Bass v. Baltimore & Ohio Terminal Railroad Co., 142 F.2d 779, certiorari denied 323 U.S. 775, 65 S. Ct. 135, 89 L. Ed. 619; Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 63 S. Ct. 133, 87 L. Ed. 146; Marty v. Nordby, 201 Minn. 469, 276 N.W. 739, 740; Wylie v. Coxe, 55 U.S. (14 Howard) 1, 2, 14 L. Ed. 301 ("In relation to the order, it is plain that no appeal will lie from the refusal of a motion to open the decree and grant a rehearing. The decision of such a motion rests in the sound discretion of the court below, and no appeal will lie from it."); Pink v. Deering, 129 N.J.L. 552, 553, 30 A.2d 508, 509 ("If the writ of restitution was appealable *** it was appellant's duty to perfect her appeal within the statutory time limitation, and this she did not do; and she may not, after the period of appeal has elapsed, start a new period running by the device of asking the court to alter the allegedly faulty writ and then reading error into the refusal of the court to grant that request."); Hudson Bus Transportation Co. v. Board of Public Utility Commissioners, 131 N.J.L. 576, 578, 37 A.2d 636, 638 ("An appeal to the reviewing jurisdiction of a higher court should be directed at the decision in which the error is said to lie and not at the refusal of the trial tribunal to reconsider, or upon reconsidering to change, that decision."); Worrlein v. Maier, 177 Minn. 474, 225 N.W. 399, 400.

While our decision herein rests upon the ground set out in Division I, we have thought it advisable to call attention to the law governing attempted appeals from rulings denying motions to set aside or vacate or reconsider previous rulings. Generally such an appeal raises no legal question and no error may be predicated upon it.

III. The appellant has moved that certain costs be taxed to the appellee, regardless of the outcome of the appeal. The appellant proceeded under R.C.P. 340(b), by including in the proposed abstract of the record a statement of the points

upon which he would rely upon appeal. The appellee objected to the record as proposed, and procured a transcript which was filed, and an order from the trial court settling the record which required the addition of considerable printing. We think there is merit in appellant's objections at this point. No substantial need for the transcript appears, and much of the material in the record we find unnecessary. The cost of the transcript will not be taxed against appellant at this time, but will await further developments in the case. One third of the cost of printing the abstract of the record will be taxed to appellee.—Affirmed.

All JUSTICES concur.