In re Estate of James E. Goar, deceased.

Willis Fletcher et al., appellants, v. Clarence I. Spencer, executor, et al., appellees.

No. 50056.

(Reported in 106 N.W.2d 93)

November 15, 1960.

Daniel J. Gallery, of Winterset, for appellants.

Clarence I. Spencer and C. L. Cram, of Des Moines, for appellees.

THOMPSON, J.—James E. Goar died testate, a resident of Polk County, Iowa, on July 18, 1958. Thereafter his will was duly admitted to probate in the District Court of Polk County, and a preliminary inheritance tax report was filed. In this report certain real estate in Texas was listed. The objectors, beneficiaries under the will of Jessie Goar, who predeceased her husband, James E. Goar, filed written objections to the inclusion of this real estate in the report, and served notice upon the executor of the estate of James E. Goar and all beneficiaries under his will. A motion to strike the objections was filed by the executor and devisees in the James E. Goar estate, and it was granted by the trial court. Thereupon the objectors filed their motion to reconsider, which was denied. The objectors then appealed from the ruling upon the motion to reconsider.

I. It is apparent that we lack jurisdiction to consider the appeal. The ruling on the motion to strike objections was entered on September 8, 1959; the motion to reconsider was filed on September 15, 1959; the ruling denying the motion to reconsider on October 5, 1959; and the notice of appeal on November 4, 1959.

The question posed by this chain of circumstances is not raised by the resisters, appellees here. But it is one of jurisdiction, and when lack thereof appears on the face of the record it is our duty to so find. The notice of appeal was filed too late to save jurisdiction in this court over the original ruling of the trial court. The ruling was made on September 8, 1959, and the notice of appeal was served on November 4 next. The error, if any, was in this ruling. A ruling on a motion to reconsider presents no appealable question. Stover v. Central Broadcasting

Co., 247 Iowa 1325, 1331, 1332, 78 N.W.2d 1, 4, 5, and authorities cited. The Rules of Civil Procedure expressly provide for appeals from rulings on motions for new trials, and motions for judgment notwithstanding verdict, R. C. P. 335; and these are defined by R. C. P. 243 and R. C. P. 244. But there is nothing therein which changes the general rule that appeals will not lie from rulings on motions to reconsider or vacate previous rulings.

II. Another reason appears why we may not consider the question objectors seek to present. It is evident their objections to inclusion of the Texas real estate in the preliminary inheritance tax report are bottomed on the thought that it is not a part of James E. Goar's estate. This involves an interpretation of the will of Jessie Goar. The objectors seek to use these objections as a device to determine who in fact owns the land in Texas. The resisters argue here that the title to this realty must be determined by the Texas courts, and with this contention we agree. The trial court apparently construed the will of Jessie Goar, and in so doing held that title to the Texas lands was in James E. Goar in fee simple. But this we think is beyond the power of the Iowa courts. We said in Olson v. Weber, 194 Iowa 512, 516, 187 N.W. 465, 467, 27 A. L. R. 1370: "It is a universal rule that title to real estate can be determined only in the forum in which the land is located." To the same effect are In re Estate of Barrie, 240 Iowa 431, 435, 35 N.W.2d 658, 661, 9 A. L. R.2d 1399, and Whisler v. Whisler, 249 Iowa 645, 647, 88 N.W.2d 68, 70.

21 C. J. S., Courts, section 544b, page 849, states the rule thus: "The courts of a state in which land disposed of by will is situated alone have jurisdiction to construe the will in so far as it relates to the land so situated, since a judgment rendered by the courts of a state as to title to land situated without the state is a nullity."

In 26A C. J. S., Descent and Distribution, section 4, pages 522, 523, it is said: "It is generally the rule that the lex loci rei sitae governs the descent, as well as the tenure and transfer, of real property, irrespective of the domicile of the deceased owner, * * *."

The Wisconsin Supreme Court, in In re Ruppert's Will, 233 Wis. 527, 531, 290 N.W. 122, 124, was faced with a will made in Minnesota but devising lands in Wisconsin. It said: "Hence, the determination of the meaning and intent of the will devising the real estate * * * is a matter within the jurisdiction of our courts." In Zahn v. Martin's Estate, Mo., 295 S.W.2d 103, 107, a will had been executed by a resident of Missouri. It affected title to some land in Illinois and had been construed by the Illinois courts. In holding that the construction there placed on the will was not binding in Missouri, the Supreme Court of that state said: "The Illinois court could have no jurisdiction of a will drawn by a Missouri resident and probated in a Missouri court other than to the extent of determining title to property within its jurisdiction."

The objectors point out that the question last above discussed was not raised in the trial court. We must agree that the point, if made at all there, was stated most obscurely, and not in such a manner as to bring it to the attention of the court. Ordinarily we will not consider questions not presented below. But we cannot for that reason avoid the issue under the peculiar circumstances of the case at bar. It would be not only useless but perhaps presumptuous for us to attempt to pass upon a matter which lies solely within the power of the Texas courts. We find that it is well settled in that state that only its courts have jurisdiction to determine title to Texas real estate. Simmons v. O'Connor, Tex. Civ. App., 149 S.W.2d 1107, 1110; Crossland v. Dunham, 135 Tex. 301, 140 S.W.2d 1095, 1096, 1097.

The same situation we have here confronted the Court of Appeals of New York in Davis v. Tremain, 205 N. Y. 236, 238, 98 N.E. 383, 384. There the will in question was executed in New York by a resident of that state, but the controversy concerned lands in New Jersey. In declining to pass upon the title to this realty the court said: "Nevertheless, as the plaintiff saw fit to institute the action and the defendant did not challenge her right to litigate the question in this action—the plaintiff having been beaten—we should not be inclined to hear her now complain that the court should not have enter-

tained the suit were it not for the fact that a judgment rendered by our courts as to the title of real estate without the state is a mere nullity. [Citing authorities] Even if no party objects we should not assume to render a judgment which we have no jurisdiction to render."

The matter of title to the Texas lands is for the Texas courts.

For the reasons set out in Divisions I and II we do not reach the substantial question of title.

In view of our conclusions above stated, appellee's motion to dismiss based on other grounds, which was ordered submitted with the case, is now moot and will not be determined.—Appeal dismissed.

All JUSTICES concur.