**Robert R. and Donna M. NEWMIRE, Plaintiffs,**

**v.**

**B. J. MAXWELL, Judge of the 8th Judicial District of Iowa, Defendant.**

**No. 53126.**

Supreme Court of Iowa.

Sept. 5, 1968.

John D. Randall, Cedar Rapids, for plaintiffs.

Richard C. Turner, Atty. Gen., Robert N. Merillat, Special Asst. Atty. Gen., Ames, and O'Rieley & Rosser, Cedar Rapids, for defendant.

GARFIELD, Chief Justice.

We granted certiorari to review an order of defendant judge made April 23, 1968, requiring plaintiffs Robert R. and Donna M. Newmire to surrender possession to Iowa State Highway Commission on or before May 6 of property which included their dwelling taken by eminent domain for public highway purposes.

Plaintiffs' claims of illegality in making the order may be boiled down to one: it violates section 472.26, Code 1966, quoted infra.

I. In November 1966 plaintiffs were purchasing on contract property in Cedar Rapids part of which they occupied as a dwelling. The commission to assess damages for taking part of the property, including the dwelling, fixed them at $34,500. On trial in September 1967 of plaintiffs' appeal to the district court from the above award, it was increased $15,000 to $49,500.

In the meantime, as permitted by Code section 472.25, infra, the Highway Com-

mission had deposited with the sheriff the amounts assessed by the condemnation commission, (frequently called the sheriff's jury) in favor of plaintiffs, the contract vendors and certain lienholders. On July 27, 1967 plaintiffs filed application in the district court to direct defendant (Highway Commission) to pay the amounts so deposited with the sheriff to the persons entitled thereto and as named on the check and for such other and further order as may seem necessary to the court.

The Highway Commission's resistance to plaintiffs' application just referred to called attention to the fact section 472.25 provides the court "may direct that such part of the amount" of the deposit, "as it finds just and proper, be paid to persons entitled thereto"; that under section 472.26 plaintiffs cannot be dispossessed from their dwelling until the damages from the taking have been finally determined and paid; if plaintiffs receive all the condemnation commission's award they will be compensated for property without giving possession of all of it which 472.25 does not contemplate; and that the highway project for which the land is being taken cannot feasibly be completed without possession of plaintiffs' homestead. Prayer of the resistance was that such order be entered as is right and just and fair to all parties and for such other and further relief as may seem necessary to the court.

On August 2, 1967 the court made an order on plaintiffs' application that the sheriff deliver the checks in his possession to plaintiffs' attorney for release of liens against the property and payment of any balance to plaintiffs; if upon trial of the appeal a lesser amount is awarded, the difference between such amount and that paid over shall be repaid by plaintiffs and upon failure so to do the Highway Commission shall have judgment against plaintiffs.

The order of August 2 further provided "plaintiffs shall surrender possession of the buildings other than the home to defendant (Highway Commission) upon com-

pletion of the new buildings to be erected by plaintiffs and in any event no later than March 1st, 1968. * * * plaintiffs shall likewise surrender possession of their home no later than April 1, 1968. Subject to right of defendant to prior possession by operation of law."

After trial of plaintiffs' appeal to the district court from the commissioners' award of damages and the overruling of the Highway Commission's motion for new trial, it appealed to this court and the appeal has not yet been submitted. Thereafter, on October 23, 1967, plaintiffs filed in the district court application to direct payment to them forthwith of the additional $15,000 there awarded them or to modify the order of August 2 by delaying surrender of possession of their home until 30 days after issuance of procedendo from this court if the district court award is affirmed or 30 days after final determination of the case if a retrial becomes necessary. The application asserted it would violate section 472.26 to dispossess plaintiffs of their dwelling until the damages have been finally determined and paid.

The Highway Commission's resistance to this last application alleged section 472.26 was called to the court's attention before the order of August 2 was made and the court then advised counsel on both sides it would order distribution of all funds in the sheriff's hands if they could agree on a date for surrender of possession of the business complex and home; that counsel did agree on the dates provided in the order; plaintiffs waived any right they had to rely on section 472.26; since the appeal to this court of the award of damages in the district court it was without jurisdiction to modify its order of August 2; the order was a final order insofar as it fixes the dates for possession of plaintiffs' property.

On April 5, 1968 the Highway Commission filed in the district court its application for issuance of a writ of possession to plaintiffs' property in accordance with

the order of August 2, alleging that as required by section 472.30 infra it had deposited with the sheriff the additional $15,000 awarded by the district court jury and demanded possession of plaintiffs' property which they refused to surrender. Attached to this application was a stipulation that proper demand had been made upon plaintiffs for the surrender of their premises, they agreed to surrender possession of the property condemned other than the dwelling but refused to surrender the dwelling, relying on section 472.26.

Plaintiffs filed a long resistance to the Highway Commission's application for issuance of a writ of possession and reply to its resistance to plaintiffs' application to direct payment to them of the added $15,000 awarded in the district court or to modify the order of August 2. Plaintiffs admitted the deposit of the $15,000 with the sheriff, they were still (April 8, 1968) in possession of all their property and refused to vacate their dwelling until the damages were finally determined and paid as provided in section 472.26.

Plaintiffs alleged they received of the funds first deposited with the sheriff only about $9000 after payment of liens against the property; (we understand nearly half the $34,500 was paid the contract vendor); the times fixed by the order of August 2 for delivery of possession did not benefit plaintiffs because it provided "Subject to prior possession by operation of law"; this provision was added to the order at the Highway Commission's insistence and constituted a repudiation by it of the agreement as to times for surrender of possession; plaintiffs raised no issue as to times for delivery of possession and the order of August 2 with respect thereto was therefore a nullity; the only way the Highway Commission could acquire possession of the dwelling was by paying over the amount allowed by the district court and dismissing its appeal to this court.

Plaintiffs substituted for the prayer of their application of October 23 a prayer that the court determine plaintiffs may be dispossessed only as section 472.26 provides.

On April 23 the district court ruled on plaintiffs' application of October 23 to direct payment of damages or modify the order of August 2nd with respect to date of surrender of the home and the Highway Commission's application for issuance of a writ of possession to put the Commission in possession. Deposit of the added $15,000, that plaintiffs were still in possession of the home, demand for surrender of all premises condemned and surrender of all except the home were stipulated.

The court ruled that since its order of August 2 was not appealed nor other independent action taken with respect thereto it was a final adjudication of the rights of the parties at that time and became the law of the case; whether the August order was by consent was immaterial since it was a court order and not a contract; plaintiffs should vacate the home and other property condemned on payment to them of the deposit of $15,000 on or before May 6, 1968; if the damages on final determination are less than the court jury's verdict of $49,500 plaintiffs shall repay the difference to defendant Commission and upon failure so to do it should have judgment against plaintiffs for such difference; subject to the foregoing provisions plaintiffs' application, filed October 23, to direct payment of damages was sustained but the part of the amended application to modify the order of August 2 with respect to date of surrender of the home was overruled and defendant Commission's application for issuance of writ of possession was sustained.

As stated at the outset, it is this order of April 23 which is now here on review by certiorari. Both the order for the writ of certiorari on May 3rd and the writ itself on May 6th stayed further proceedings in the district court with respect to right of possession of the homestead. Plaintiffs thus have retained possession of

the home more than five months after the order of August 2 provided for its surrender.

■ II. Certiorari lies where a so-called inferior tribunal exercising judicial functions exceeds its proper jurisdiction or otherwise acts illegally. Rule 306 Rules of Civil Procedure.

"The action shall be by ordinary proceedings, so far as applicable." Rule 317 R.C.P.

Plaintiffs' brief and argument asserts these three grounds of illegal action by defendant judge:

1. In making any order on August 2, 1967 with respect to surrender of possession of the home which would be contrary to the provisions of section 472.26.

2. In determining (on April 23, 1968) the order of August 2 was a final adjudication of the rights of the parties or that it would affect plaintiffs' rights to possession contrary to the provisions of 472.26.

3. In awarding judgment for possession to the Highway Commission by order of April 23 before final determination and payment of the damages as 472.26 contemplates.

It is obvious grounds 2 and 3 raise virtually the same question, stated in somewhat different language. Plaintiffs' petition for writ of certiorari, filed April 29, 1968, insofar as now relied upon, asserts substantially the same grounds as does their brief and argument. We repeat what is said at the outset hereof—plaintiffs' claims of illegality in making the order of April 23 may be reduced to the one claim that it violates section 472.26.

■ III. Plaintiffs are not entitled to claim, as they do in their first asserted ground of illegality, and we are not permitted to hold in this action defendant judge acted illegally in making the order of August 2, 1967. Rule 319 R.C.P. provides: "No writ of certiorari shall issue *or be sustained* unless the petition is filed within six months from the time the inferior tribunal * * * exceeded its jurisdiction or otherwise acted illegally." (emphasis added.) As stated in Division II hereof, plaintiffs' petition in this action was not filed until nearly nine months after the order of August 2 was filed.

IV. The three code sections previously referred to, so far as applicable are:

"472.25 Right to take possession of lands. Upon the filing of the commissioners' report with the sheriff, the applicant may deposit with the sheriff the amount assessed in favor of a claimant, and thereupon the applicant shall, except as otherwise provided, have the right to take possession of the land condemned and proceed with the improvement. No appeal from said assessment shall affect such right, except as otherwise provided. Upon appeal from the commissioner's award of damages the district court, wherein said appeal is pending, *may direct that such part of the amount of damages deposited with the sheriff, as it finds just and proper, be paid to persons entitled thereto.* If upon trial of said appeal a lesser amount is awarded the difference between the amount so awarded and the amount paid as above provided shall be repaid by the person or persons to whom the same was paid and upon failure to make such repayment the party entitled thereto shall have judgment entered against the person or persons who received such excess payment." (emphasis added)

"472.26 Dispossession of owner. A landowner shall not be dispossessed, under condemnation proceedings, of his * * * dwelling house, * * * until the damages thereto have been finally determined and paid. * * *"

"472.30 Additional deposit. If, on the trial of the appeal, the damages awarded by the commissioners are increased, the condemner shall, * * * deposit with the sheriff the entire damages awarded,

before entering on, using, or controlling the premises."

■ V. The burden rests on plaintiffs to show defendant judge acted illegally as their petition in certiorari alleges. Adams v. Braginton, Judge, Iowa, 159 N.W.2d 479, 482; Staads v. Board of Trustees, Iowa, 159 N.W.2d 485, 490. See also Rule 344(f), par. 5, Rules of Civil Procedure. We have stated in Division II hereof plaintiffs' claims of illegality.

Defendant seeks to uphold the order of April 23, 1968 as against such claims on the grounds plaintiffs consented to surrender possession of their homestead no later than April 1, 1968 as the order of August 2 provided, and that by accepting the benefits of such order and failing to cause it to be reviewed within the time provided by law plaintiffs waived the right to remain in possession under section 472.26, quoted in Division IV.

As stated in Division I, defendant judge in making the order under review ruled the August 2 order was a final adjudication of the rights of the parties to possession of the premises and, since it was not appealed from nor other independent action taken with respect thereto it became the law of the case; also that whether the earlier order was by consent was immaterial.

We find it unnecessary to decide whether the August order was a final adjudication of the rights to possession and consider whether legality of the April order may be upheld on the other grounds defendant urges, particularly that the previous order for surrender of possession of the home was by consent.

■ We are firmly committed to the rule that, while we may not reverse on grounds not stated or argued, we must affirm the trial court if any sufficient basis appears therefor in the record, even though the ruling was ·placed upon a different ground. In the ordinary appeal the burden rests upon appellant to demonstrate error and this is not done if the record shows proper support for the ruling complained of. Stover v. Central Broadcasting Co., 247 Iowa 1325, 1330–1331, 78 N.W.2d 1, 4, and citations; State v. Hodge, 252 Iowa 449, 470, 105 N.W.2d 613, 625; McMaster v. Hutchins, 255 Iowa 39, 48, 120 N.W.2d 509, 514 and citations; Lubin v. Iowa City, 257 Iowa 383, 386, 131 N.W.2d 765, 767; Stake v. Cole, 257 Iowa 594, 602, 133 N.W.2d 714, 719; Binkholder v. Carpenter, Iowa, 152 N.W.2d 593, 596.

■ Where a learned judge's decision is right for a wrong reason it is nevertheless right. McCoy v. Martin, 257 Iowa 146, 148, 131 N.W.2d 783, 784.

The rules just stated apply even though the party who was successful in the trial court does not seek to uphold the ruling on the ground suggested. Binkholder v. Carpenter, supra, and citations. However, here defendant's counsel, who also acted for the Highway Commission, seek to uphold the ruling on the grounds now considered. (Generally, upon a review by certiorari of an order of a judge he is represented by counsel for the party who prevailed. Obviously the judge is not an interested party in the sense most other litigants are.)

■ If a ruling claimed to be *error* on appeal is upheld on a ground shown by the record, although not the ground on which the ruling was placed, certainly a ruling claimed to be *illegal* on certiorari should be upheld on a like theory. We uphold the order of April 23rd on the ground the earlier August order was entered by consent and plaintiffs are therefore not in position to attack the later order.

VI. There is every indication plaintiffs agreed to surrender possession of the home not later than April 1st as the order of August 2 provided. Indeed plaintiffs virtually concede the terms of the August order were consented to by them except for

the provision "Subject to right of defendant to prior possession by operation of law."

 Plaintiffs' argument is that the quoted language was inserted in the order at the Highway Commission's insistence and this constituted repudiation by it of the agreement, thereby relieving plaintiffs from compliance with the order. We are told insertion of the quoted provision in the order left the question of the time plaintiffs would surrender the homestead entirely to the Commission—that as soon as the verdict of the district court jury was returned and the additional amount of damages paid in, the quoted language required surrender of possession of the home.

The argument cannot be accepted. So far as shown, the Highway Commission made no attempt to require plaintiffs to surrender their home until after April 1st and, as stated, plaintiffs are still in possession thereof. Further, the contention referred to now made in plaintiffs' argument was not suggested in the district court in their application filed October 23, 1967 to direct payment of the additional $15,000 in damages or to modify the order of August 2 by delaying the time set therein for surrender of the home (see Division I hereof, supra) nor in their amendment to such application filed January 30, 1968. The contention plaintiffs now seem to rely upon most was first raised in the district court in their resistance filed April 8, 1968 to the Commission's application for issuance of writ of possession filed April 5. Evidently plaintiffs or their counsel did not interpret the order as entered August 2 as they now do until eight months later.

Nor did the trial court at any time interpret the August order as plaintiffs do here. As stated, it held it was immaterial whether the order was entered by consent.

In any event, it seems clear insertion in the order of the provision regarding prior possession by operation of law did not leave entirely to the Highway Commission the right to control plaintiffs' occupancy of the

home. The reference to "operation of law" is obviously to the provision of section 472.-26 quoted in Division IV supra, that an owner shall not be dispossessed of his dwelling "until the damages thereto have been finally determined and paid."

It is true the Highway Commission might, if it chose, have paid in the additional amount awarded by the district court jury as soon as the verdict was returned. But the damages for loss of the dwelling would not thereby be finally determined unless *both sides* were satisfied with the verdict and chose not to appeal to this court therefrom. Defendant argues here this was the agreement between the parties to the condemnation which led to the order of August 2d. Nothing in the order foreclosed plaintiffs' or the Highway Commission's right to appeal to us and had plaintiff done so, the damages for taking the home would not be finally determined at least until such appeal were decided. The provision regarding prior possession did not leave the question of plaintiffs' right to possess the home entirely to the Highway Commission and thereby nullify their obligation to surrender it no later than April 1.

Nor were plaintiffs prejudiced in any way by inclusion in the order of the provision as to possession of the dwelling prior to the date specified therein. Not only did the Highway Commission make no attempt to enforce the provision or obtain prior possession, it did not become entitled thereto until April 4 when it paid in the additional sum awarded by the jury in district court. Final determination of the damages does not entitle a condemnor to possession of the homestead under section 472.26 until they are paid in.

Plaintiffs accepted and retained the benefits of the order of August 2. They and their contract vendors were paid the damages awarded by the sheriff's jury for the entire taking, including the dwelling, eight months before the date fixed in the order for its surrender. Under the order plaintiffs have also remained in possession of

the non-homestead property condemned from the time the order was made until after April first. Section 472.26, supra, which is plaintiffs' sole reliance, applies only to the dwelling.

Plaintiffs were fully aware of section 472.26 before the order of August 2 was entered. As stated in Division I, the Highway Commission's resistance to plaintiffs' application for payment to the persons entitled thereto of the amount assessed by the sheriff's jury called attention to the provision plaintiffs could not be dispossessed from their dwelling until the damages from the taking were finally determined and paid and if plaintiffs received the entire award then they would be compensated for property without surrendering all of it. This resistance also called attention to the language of section 472.25 (Division IV, supra), under which the application was filed, that the district court, pending the appeal to it, "may direct that *such part* of the amount of damages deposited with the sheriff, as it finds just and proper, be paid to persons entitled thereto." (emphasis added)

■ Under the circumstances here plaintiffs could, if they chose, waive their right to occupy the home after April 1, 1968 and consent to surrender it by that date. We think they must be held to have done so here. 28 Am.Jur.2d, Estoppel and Waiver, sections 163–165. See also State v. Delano, Iowa, 161 N.W.2d 66, and citations at page 73.

■ VII. Plaintiffs' reply brief goes even further than their opening brief and petition for writ of certiorari to this court in arguing that, insofar as the August order referred to possession of the property condemned, it was void because, it is said, no pleading then concerned itself with the rights of possession. The argument is without merit.

We have just pointed out the resistance to plaintiffs' application which led to the order of August 2 called attention to plain-

tiffs' right under 472.26 to occupy the home as a pertinent matter to consider in determining what part of the total damages on deposit it would be "just and proper" to pay to the persons entitled thereto under 472.25. The court and counsel for the parties to the condemnation evidently so considered it and the order provided therefor.

In any event the August order would not be void upon the ground plaintiffs belatedly argue. Davis v. Rudolph, 242 Iowa 589, 595–596, 45 N.W.2d 886, 889–890, and citations. Indeed, litigants may not claim an order to which they assented was erroneous, much less void or even illegal. Hackman v. Beckwith, 245 Iowa 791, 800, 64 N.W.2d 275, 281.

■ VIII. The record shows another well recognized ground on which we may and do uphold the order of April 23rd as against plaintiffs' claim it was illegal.

As explained in Division I, supra, on October 23, 1967 plaintiffs filed their application that the court direct payment to them forthwith of the additional $15,000 damages there awarded them on trial of their appeal *or modify the order of August 2* by delaying surrender of possession of their home until after we decide the Highway Commission's appeal to us of the award in district court. The application asserted it would violate section 472.26 to dispossess plaintiffs of their dwelling until the damages were finally determined and paid.

Plaintiffs amended the application on January 30, 1968 by praying merely that the August order be modified to provide that plaintiffs shall not be moved from their home until the damages have been finally determined and paid and for such other relief as the court may deem necessary. The prayer that the added award of $15,000 be paid plaintiffs forthwith was thus withdrawn. Again on April 8 wording of the amended prayer of their application was slightly changed by asking that the court determine plaintiffs may be dispossessed only as provided in section 472.26. This is substantially the relief asked on January 30

since reliance was then obviously on the same code section.

The point of all this is that plaintiffs' application as it stood on April 23, when defendant judge made the order claimed to be illegal, asked merely that the order of August 2 be modified with respect to the date plaintiffs were required to surrender their home. It is obvious that if it was illegal, or even error, to require plaintiffs to surrender their home on April 1, 1968, the illegality or error inhered in the order of August 2. Nothing occurred thereafter to create the claimed illegality. Section 472.26 was then in effect and, as stated, plaintiffs were fully aware of it. Their appeal to the district court from the award of the sheriff's jury was still pending and plaintiffs and their counsel must have known no one could foretell the outcome of the appeal or whether a second appeal would be taken to this court.

■ We have pointed out at some length that denial of a motion to modify, reconsider or set aside a previous ruling or order raises no appealable question and generally may not be the basis even of an appeal. Error, if any, was in the previous ruling or order.

Quite in point is Stover v. Central Broadcasting Co., supra, 247 Iowa 1325, 1331–1332, 78 N.W.2d 1, 4–5. There we granted an appeal *from an interlocutory order* before final judgment refusing to reconsider a previous ruling requiring plaintiffs to answer 57 interrogatories. We affirmed the ruling on the ground specific objection to each interrogatory was not made although the trial court's ruling was placed upon a different ground. However, we also cited many authorities for the proposition stated in the preceding paragraph hereof and concluded "Generally such an appeal raises no legal question and no error may be predicated upon it."

Here we granted certiorari to review legality of the order of April 23, 1968 rather than to grant an interlocutory appeal therefrom to determine whether the order was error. Certainly plaintiffs have no greater rights here than did plaintiff Stover.

What is said in the Stover opinion on this point is thus reaffirmed in City of Cedar Rapids v. Cox, 250 Iowa 457, 467, 93 N.W.2d 216, 222: "That no appeal will ordinarily lie from a decision on a motion to reconsider or set aside a previous ruling see Stover v. Central Broadcasting Co., 247 Iowa 1325, 1331–1332, 78 N.W.2d 1, 5, and citations. The error, if any, was in the judgment of November 4."

In Re Estate of Goar, 252 Iowa 108, 109–110, 106 N.W.2d 93, 94, plaintiffs filed objections to the inclusion of certain realty in an inheritance tax report. After the court struck the objections plaintiffs filed a motion to reconsider the ruling which was in turn denied. On our own motion we dismissed plaintiffs' appeal from the second ruling because the error, if any, was in the first ruling and the appeal, although taken within 30 days from the ruling on the motion to reconsider, was not within such time from the first ruling. Referring to our Rules of Civil Procedure the opinion observes, "there is nothing therein which changes the general rule that appeals will not lie from rulings on motions to reconsider or vacate previous rulings".

In Neff v. Iowa State Highway Com., 253 Iowa 98, 101, 111 N.W.2d 293, 295–296, the court entered judgment for the amount of the award on appeal, with interest from a date earlier than the Highway Commission contended it should have commenced. The Commission filed its motion for enlarged or amended findings and conclusions, raising the point previously raised as to the date when interest commenced. The motion was overruled and the Commission appealed to us within 30 days from the ruling but not within such time from the judgment. We dismissed the appeal as not timely, citing the Stover opinion, supra, for the proposition that generally an appeal from a ruling denying a motion to

set aside, vacate or reconsider a previous ruling raises no legal question and no error may be predicated upon it.

See also Zimmerman v. Purex Corp., Ltd., 256 Iowa 190, 195, 125 N.W.2d 822, 825.

Upon full consideration of the case submitted to us the writ of certiorari is annulled and the order of April 23 is sustained.

Writ annulled; order sustained.

All Justices concur.