**D & H AUTO PARTS, INC., Plaintiff,**

v.

**FORD MARKETING CORPORATION,**
**Defendant.**

**No. 71–C–1210.**

United States District Court,
E. D. New York.

Oct. 7, 1971.

Joseph Termini, Whitestone, N. Y., for Auto Parts of Jamaica, Inc., nonparty witness.

Harry T. Sherman, New York City, for plaintiff.

Sullivan & Cromwell, New York City, for defendant by Robert MacCrate, Michael M. Maney, New York City, of counsel.

## MEMORANDUM AND ORDER

JUDD, District Judge.

In an action for damages under the Robinson-Patman Act, 15 U.S.C. § 13a, for alleged price discrimination, a nonparty witness has moved by order to show cause to quash a subpoena duces tecum served on it by the defendant. The subpoena duces tecum was directed to Auto Parts of Jamaica, Inc. (APJ)

(formerly Shapiro Auto Parts of Jamaica, Inc.) and asked for all records of purchases of spark plugs, filters and batteries from D & H Auto Parts, Inc. (D & H) during the period May 1, 1968 to January 1, 1970, as well as sales of products so purchased to third parties during the period. The subpoena also asked for all other papers relating to any transactions or relationships between APJ and D & H with respect to purchase or sale of products of the Autolite-Ford Parts Division of Ford Marketing Corporation.

The order to show cause was based on affidavits of the attorney for APJ and the attorney for plaintiff, but was not supported by the affidavit of any officer or employee of APJ.

APJ is represented by the same attorney who represents Joseph Frisch, who was mentioned as a witness for plaintiff at the first pre-trial conference on March 31, 1971, and whom Ford has sought to depose.

The objections of APJ to the production of documents are based on the grounds (1) that the request is burdensome; (2) that the documents are not relevant to issues in the case; and (3) that defendant already has copies in its files of many of the documents. These objections require some analysis of the pleadings.

The complaint in this case seeks treble damages on the ground that D & H was not granted "a third 10% discount" on nationally branded automotive replacement parts sold by Ford, and which Ford was allegedly granting to others similarly engaged in competition with D & H.

The answer asserts that the three 10% discounts consist of a basic discount given to all warehouse wholesalers from the published wholesale price, a "redistribution allowance" on automotive replacement parts purchased from Ford and resold to qualified wholesalers, and a "recompensation allowance" on automotive replacement parts sold by qualified wholesalers to certain purchasers "for their own use and not for re-sale." Ford denies that there was any price discrimination against D & H.

APJ asserts that the nature of sales by D & H is not relevant because Ford did not consider that wholesalers had any duty to police the customers to whom they sold.

Before the present action was brought, Ford had started an action in the state court against D & H Auto Parts, Inc., the plaintiff herein, to recover $56,081, which it asserted was an overpayment of the "redistribution allowance" which had been paid to D & H on the basis of falsely submitted claims for sales of spark plugs to qualified wholesalers. APJ asserts that the subpoena is intended to obtain information in aid of that lawsuit.

Ford, in its opposing memorandum, has offered to limit its subpoena to the items listed in the order which is being granted.

### Discussion

■ Generally, a non-party witness cannot object to the production of evidence if it has any possible bearing upon the issues. 5 Moore's Federal Practice, ¶ 45.05 [1], p. 1727 (1969).

■ Where the nature of the sales by D & H and the re-sales by its customers may be pertinent to its asserted right to one of the discounts which is involved in the claim of price discrimination, the documents relating to such sales and re-sales may well be relevant. It is immaterial that the documents may also be relevant to the case pending in the state courts.

The assertion that Ford did not require its wholesalers to police their customers does not prevent Ford, when sued, from obtaining information concerning the sales of wholesalers like D & H. Ford asserts that D & H and APJ were parties to a scheme to falsify claims for discount allowances. Ford has a right to seek evidence to prove that assertion, even though both parties deny it.

Nothing in the papers before the court shows that the production of the requested records will impose any undue burden on the witness. Since they may be relevant to the lawsuit, Ford cannot be charged with harassment in requesting them. If substantial difficulty in compliance can be shown after a bona fide attempt at compliance with the subpoena, APJ may ask the court for relief by application at the foot of this order.

The fact that Ford may have file copies of certain purchase orders is no reason why it cannot obtain discovery of the actual documents in the possession of APJ. Ford should not be faced with the possibility of challenge at the trial to the genuineness of its own copies of documents and it should have the right during pre-trial discovery to compare its copies with those in the possession of others. *Cf.* Brown v. Dunbar & Sullivan Dredging Co., 8 F.R.D. 107, 108 (W. D.N.Y.1948).

### Conclusion

It is ordered that the motion to quash the subpoena duces tecum be denied, the temporary stay of response to such subpoena be vacated, and that Auto Parts of Jamaica, Inc. produce:

> . . . all books, records, papers, documents, correspondence, invoices, sales records and copies thereof which relate to any transactions or relationships between D & H Auto Parts, Inc. and "Shapiro Auto Parts Warehouse", and in particular those which record any drop shipments from Autolite-Ford through D & H Auto Parts, Inc. to Shapiro Auto Parts Warehouse and those which record sales, other than drop shipments, to Shapiro Auto Parts Warehouse by D & H Auto Parts, Inc. during the period from May 1, 1968 to and including December 1969

at room 130 in this Courthouse at 10:00 a. m. on October 26, 1971 or at such other time and place as may be agreed between the attorneys or fixed by the court.